## GREAT LAKES S. S. CO. v. GEIGER.

(Circuit Court of Appeals, Sixth Circuit. November 5, 1919.)

No. 3313.

1. SEAMEN ⬤⟝11—INJURY IN SERVICE; LIABILITY OF SHIP.

An action for injury to a seaman while in the service of a ship is maritime in nature and within the admiralty jurisdiction, and where the injury was due solely to negligence of the crew the vessel owner is liable only for maintenance, cure, and wages of the seaman.

2. SEAMEN ⬤⟝16—RIGHT TO WAGES AFTER INJURY IN SERVICE.

Where a vessel was not in fault for injury to a seaman, nor remiss in its duty to furnish cure and maintenance thereafter, wages are recoverable only to the end of the voyage, where the contract of employment does not extend beyond that time.

3. SEAMEN ⬤⟝11—INJURY IN SERVICE; INTEREST ON RECOVERY FOR MAINTENANCE.

On recovery from a ship for maintenance during disability of a seaman from injury in the service, libelant held entitled to interest from the time payment was due.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in admiralty by Charles E. Geiger against the Great Lakes Steamship Company. Decree for libelant, and respondent appeals. Reversed with directions.

Thomas H. Garry, of Cleveland, Ohio, for appellant.
John A. Lombard, of Cleveland, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

KNAPPEN, Circuit Judge. Libelant sued for injuries received while a member of the crew of respondent's steamer engaged in commercial navigation of the Great Lakes. The case, including the facts stipulated for purposes of this review, may be thus sufficiently summarized:

Libelant had been employed under a maritime contract, signing regular articles as a seaman, and shipping at a Lake Erie port for a round

trip to the head of Lake Superior and return. In the course of this voyage, while the steamer was unloading cargo in a harbor, and while libelant and other members of the crew were closing the hatches, libelant's finger was caught in the operating mechanism and so crushed that it had to be amputated. The sole cause of the accident was the negligence of other members of the crew working with libelant, but not including the master; the equipment and machinery being sufficient and in good repair and the ship seaworthy. Libelant was immediately taken to a hospital, where the injured finger was amputated and treated, and was then taken to his home in Cleveland on the steamer, being given further medical treatment en route, all at the steamer's cost, his entire expense in perfecting a cure, so far as such was possible, having been paid by respondent.[1] Libelant was paid his wages to the end of the voyage; that is, until the return of the steamer to Lake Erie. He was disabled for 13 weeks, which period would expire during the shipping season and while the steamer was still in operation. His expense of maintenance was $10 per week. At the end of this period he obtained other employment at a higher wage than he was earning at the time of the accident. The trial court held that libelant was not entitled to full compensatory damages, but only wages and expenses of "maintenance and cure." The allowance was $377.14, being three months' wages at the rate libelant was receiving at the time of the accident and maintenance for 13 weeks at $10 per week, with interest from the time when payable. The only issues raised here are whether libelant is entitled to allowance for wages after the end of the voyage and whether interest should be allowed.

[1, 2] It is settled that injuries suffered under circumstances such as here presented are maritime in their nature and within the jurisdiction of admiralty, and that under general admiralty law the vessel owner is, broadly speaking, liable only for maintenance, cure, and the wages of a seaman injured in the service of his ship through the sole negligence of members of the crew. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Chelentis v. Luckenback S. S. Co:, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171. In neither of these cases did the issues require a determination of the period for which wages are recoverable. The question is one of general admiralty law; the right of recovery for maintenance and cure and wages not being created by federal statute.

In the earlier decisions in the United States the extent of the indemnity was not always clearly or completely defined as respects either wages or maintenance and cure. In Harden v. Gordon (1823) 2 Mason, 540, Fed. Cas. No. 6,047, Mr. Justice Story held that by the maritime law the expense of curing a sick seaman in the course of the voyage is a charge on the ship. In Reed v. Canfield (1832) 1 Sumn. 195, Fed. Cas. No. 11,641, the same justice again held an injured seaman entitled to be cured at the ship's expense, but it does not clearly appear whether cure was to be extended beyond the end of the voyage. In Nevitt v.

---

[1] At Cleveland his finger was dressed at the Marine Hospital, presumably without expense to libelant.

Clarke (1846) Olcott, 316, Fed. Cas. No. 10,138, Judge Betts held that the right, as to both wages and cure, terminated with the voyage. However, in The Atlantic (1849) 1 Abb. Adm. 451, 480, Fed. Cas. No. 620, the same judge suggested a qualification with respect to cure, where either it had been commenced and "is in a course of favorable termination," or the ship had not given due attention to the seaman's necessities, or the case had been improperly treated. In The Ben Flint (1867) 1 Biss. 562, 569, 1 Abbott's U. S. 126, 134, Fed. Cas. No. 1299, Judge Miller held that—

"In the absence of misconduct or neglect on the part of the officers, the obligation of the vessel to provide for a disabled or sick seaman should only be coextensive in duration to that of the seaman to the vessel."

In the City of Alexandria (D. C. 1883) 17 Fed. 390, Judge Addison Brown, upon a consideration of the continental codes and numerous decisions, announced the conclusion, as summarized in the headnote, that—

"By the maritime law, ancient and modern, a seaman, in case of any accident received in the service of the ship, is entitled to medical care, nursing, and attendance, and to cure, so far as cure is possible, at the expense of the ship, and to wages to the end of the voyage, and no more."

The case did not involve the question of cure. In The Natchez, 73 Fed. 267, 19 C. C. A. 500, the Circuit Court of Appeals for the Fifth Circuit seems to have held that the right to wages terminated with the voyage. These references, which by no means exhaust the subject, are sufficient by way of illustration for present purposes.

In The Osceola (1902) 189 U. S. 158, 175, 23 Sup. Ct. 483, 487 (47 L. Ed. 760), Mr. Justice Brown, upon an elaborate review of the English and American authorities, announced the proposition, among others, that—

"The vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued."

In view of the words "at least," and considering other decisions, libelant contends that there is no settled rule as to the period of wage recovery, and thus that courts of admiralty should, "in the exercise of a sound discretion, give or withhold damages according to principles of equity and justice, considering all the circumstances of the case." Respondent insists that under well-settled rules recovery after the termination of the voyage is absolutely forbidden. The District Court, without expressing "final or definite opinion * * * as to the period during which a lake seaman is entitled to wages after an injury," concluded that an award of three months' wages was reasonable "in view of all the circumstances." We are accordingly urged to declare the applicable rule.

The phrase "at least," in the extract quoted from the opinion in the Osceola Case, was doubtless meant to apply both to liability for maintenance and cure (see The Bouker No. 2 [C. C. A. 2] 241 Fed. at page 833, 154 C. C. A. 533) and to wages; but it was not, in our opinion, intended to suggest that wages beyond the termination of the voyage

are recoverable in a case where the ship was not at fault in respect to the accident, nor remiss in its duty to furnish cure and maintenance thereafter, unless possibly where the term of shipment extends beyond the termination of the voyage.[2] The proposition quoted states a minimum, not a maximum, of liability. It is not without significance, as bearing upon the use of the phrase "at least," that in The Iroquois, 194 U. S. 240, 24 Sup. Ct. 640, 48 L. Ed. 955 (about a year after the decision in The Osceola), in an opinion also by Mr. Justice Brown, a substantial recovery of damages for failure to perform the ship's full duty with respect to surgical treatment was affirmed, although the ship was not responsible for the accident itself. In such recovery wages lost would naturally be a proper element of damages.

Since the Osceola decision it has been held in several cases that an unfulfilled obligation to furnish cure and maintenance extends beyond the termination of the voyage. See The Mars (C. C. A. 3) 149 Fed. 729, 79 C. C. A. 435; The Bouker No. 2, supra, 241 Fed. 831, 154 C. C. A. 533; The Henry B. Fiske (Dodge, D. J.) 141 Fed. 188. The Circuit Court of Appeals for the Ninth Circuit has, also since the decision in the Osceola Case, held the shipowner liable for wages during a 4½ months' disability after discharge from the ship, on account of the latter's failure to provide proper medical attention. No. Alaska Co. v. Larsen, 220 Fed. 93, 135 C. C. A. 661. And in The M. E. Luckenbach (D. C.) 174 Fed. 265, affirmed (C. C. A. 4) 178 Fed. 1004, 101 C. C. A. 663, the seaman was likewise held entitled to recover damages for the ship's failure to perform its duty with respect to medical aid. And see The Fullerton (C. C. A. 9) 167 Fed. 1, 92 C. C. A. 463.

But, so far as we have seen, the decision in The Osceola has not been distinctly construed as extending to liability for wages beyond the termination of the voyage, except in case of the fault of the ship in the performance of some duty, or unless the seaman's contract extended beyond the end of the voyage.[3] On the contrary, the Circuit Court of Appeals of the Seventh Circuit, apparently construes the Osceola Case as allowing wages only to the end of the voyage (The Nyack, 199 Fed. 383, 389, 118 C. C. A. 67), and the Circuit Court of Appeals of the Second Circuit, in Chelentis v. Luckenbach S. S. Co., 243 Fed. 536, 538, 156 C. C. A. 234, L. R. A. 1913F, 991, states the rule that the recovery by a seaman injured in the service of the ship is limited to his wages to the end of the voyage and the expense of his maintenance and cure. While this conclusion was not, strictly speaking, necessary to the decision—for the reason that on the trial of the action, which was at common law, the plaintiff declined to make claim for wages to the end of the voyage and expenses of cure and maintenance for a reasonable

[2] In The J. F. Card (D. C. 1890) 43 Fed. 92, Mr. Justice Brown (then District Judge) included in his award wages to the end of the seaman's contract, viz. about 14 days after the accident. In McCarron v. Dominion Co. (D. C.) 134 Fed. 762, decided since the case of The Osceola, Judge Lowell held that the seaman injured in the service of the ship is entitled to wages for the term of his shipment, where that extends beyond the termination of the voyage.

[3] We have not overlooked the fact that in Dougherty v. Thompson, etc., Co. (D. C., McPherson, C. J.) 211 Fed. 224, 227, the award may have included something for wages after the end of the voyage.

time thereafter, by reason of his claim that he was entitled to full indemnity—yet the quotation from the considered opinion of the Circuit Court of Appeals made by the Supreme Court in its decision of affirmance (247 U. S. 372, 379, 38 Sup. Ct. 501, 62 L. Ed. 1171), and without apparent disapproval, seems more or less significant. The record in the instant case contains no statement that libelant's shipment contract extended beyond the termination of the voyage in question, and the contrary has been, in brief and argument, at least impliedly assumed.

Our conclusion is that, upon the record presented, libelant's right to wages is, as matter of law, confined to the end of the voyage, and that the award below was in this respect unwarranted. We do not decide what the rule would be had the contract of employment extended beyond the end of the voyage.

[3] The award for maintenance was proper; and, this being so, we think libelant plainly entitled to interest from the time its payment was due, as a part of the damages, if on no other ground.

The decree of the District Court is accordingly reversed, with directions to enter a new decree in favor of libelant for $130, plus interest thereon. In view of the nature of this case, no costs will be awarded in this court. Respondent, in fact, does not so ask.