**McMANUS v. MARINE TRANSPORT LINES, Inc.**

No. 335.

Circuit Court of Appeals, Second Circuit.

June 6, 1945.

Kirlin, Campbell, Hickox & Keating, of New York City (Walter X. Connor and Raymond Parmer, both of New York City, of counsel), for appellant.

Silas B. Axtell, of New York City, for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

In the course of his employment as an engineer on a vessel of the appellant, the libellant sustained a scratch on his left shin. The injury did not incapacitate him and he continued to perform his duties until the end of the voyage, August 29, 1942. Thereafter, on September 3rd, he entered the employ of another shipowner for whom he worked until September 17, when the ship's doctor discovered an ulcerous condition of the left shin requiring medical attention. The libellant obtained treatment at a United States Marine Hospital from September 18 to September 30, 1942 when he was pronounced cured. During this same period he was also treated by a private physician at a cost of $50. By the present suit the libellant sought, first, indemnity under the Jones Act, 46 U.S.C.A. § 688, in the sum of $3000, and second, recovery for maintenance and cure in the sum of $1,500. The count for indemnity was dismissed for failure of proof. On the second cause of action, the court awarded $250, of which $50 was for the doctor's bill, $50 for maintenance for the two weeks period commencing September 18, 1942 and $150 for loss of wages during the same two weeks. The appellant challenges the propriety of the allowance for loss of wages and for the doctor's bill.

Under the authorities the award of wages after the end of the voyage and in addition to maintenance cannot be supported. Great Lakes S. S. Co. v. Geiger, 6 Cir., 261 F. 275; see also Reed v. Canfield, C.C.Mass., Fed.Cas.No. 11,641, 20 Fed.Cas. 426 at page 429; Chelentis v. Luckenbach S. S. Co., 2 Cir., 243 F. 536, 538, aff'd, 247 U. S. 372, 38 S.Ct. 501, 62 L.Ed. 1171.

There was no error in the allowance of $50 for private medical attention. If the private treatment gave the seaman benefits he could not obtain by recourse to the free Marine Hospital service, the expense would be recoverable. See Calmar S.S. Corporation v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993. Under the testimony we cannot say that it did not.

The decree is modified by reducing the award to the libellant to $100. No appellate costs are allowed to the appellant.