## WILLS v. KEYSTONE TANK-SHIP CORP. et al.
### No. 13851.

United States District Court, S. D. California, Central Division. Jan. 14, 1952.

David A. Fall, San Pedro, Cal., for plaintiff.

Lillick, Geary & McHose, L. Robert Wood and Lawrence D. Bradley, Jr., Los Angeles, Cal., for defendants.

YANKWICH, Chief Judge.

The above entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the defendants, that the plaintiff take nothing by his complaint, and that the defendants have judgment against the plaintiff for their costs incurred herein.

Findings and judgment to be prepared by counsel for the defendants under local rule 7.

### Comment.

In two causes of action in an amended complaint, plaintiff sued for damages and loss of wages by reason of an injury suffered on December 23, 1951, while employed as a seaman on the vessel Bunker Hill.

The vessel was en route to San Pedro when plaintiff was injured by tripping over

a hawser while traversing the after well deck of the vessel. The injuries continued until January 30, 1952, when the plaintiff was pronounced fit for duty.

The plaintiff, on December 5, 1951, had signed shipping articles for the Pacific Coastwise Trade on board the S. S. Bunker Hill. The articles provided that "the term of employment shall be for one voyage, and at the mutual option of the master and the seamen, for successive voyages, but not exceeding one month in all * * *."

On December 23, 1951, before the Bunker Hill arrived at San Pedro, the articles opened on December 5, 1951, were closed, and anticipatory articles for a new voyage were signed by the plaintiff on the same day. The injury occurred before the day was concluded. The plaintiff has alleged that the injuries were caused by negligence on the part of the crew of the vessel. His recovery depends upon proof of such negligence. 46 U.S.C.A., Section 688; De-Zon v. American President Lines, Ltd., 1943, 318 U.S. 660, 665–668, 63 S.Ct. 814, 87 L.Ed. 1065; Lake v. Standard Fruit & Steamship Co., 2 Cir., 1950, 185 F.2d 354, 356; Buford v. Cleveland & Buffalo Steamship Co., 7 Cir., 1951, 192 F.2d 196, 198.

■ Plaintiff has absolutely failed to prove any negligent act on the part of the vessel or its crew. The evidence shows clearly that a catwalk was provided for traversing the deck. On a dark night, at 7:00 P.M., on the portion of the ship where no duty called for his presence, the plaintiff, voluntarily and without having been ordered on his way to his quarters in the after deck house on the well deck, to get a coat preparatory to standing a lookout watch, chose to traverse the well deck which was dark and tripped over a hawser. His contention that the hawser or the bitter end of it lay across the pathway is not proved. The uncontradicted evidence on the part of the members of the crew, who examined the hawser immediately after the accident, indicates that the hawser was *properly* flaked for use on arrival at port, and no part of it lay across the pathway.

The facts are that the Bunker Hill was scheduled to arrive at San Pedro, Califor-

nia, and to moor during hours of darkness at approximately 3 a. m., December 24, 1951, and in anticipation of arriving in port during those hours, a hawser was taken out of stowage during the afternoon of December 23, 1951, and flaked out fore and aft on the starboard side of the after well deck, and that when the hawser was completely flaked out, there was an unimpeded passage of approximately 18 inches to 3 feet between the inboard strand of the hawser and the outboard edge of the tank tops.

At the time and place the hawser was properly flaked out in a seaworthy manner, and the plaintiff knew that during the afternoon of December 23, 1951, the hawser had been placed out on the after well deck, starboard side, of the Bunker Hill.

The plaintiff evidently did not see anything across the pathway for it was dark. If he had seen an obstruction, he certainly would have avoided it. The accident rendered the plaintiff unconscious. And he is, therefore, not likely to have a very clear recollection of what took place just before. At any rate, the testimony of the other members of the crew, and the physical facts show no improper or negligent arrangement of the hawser, for the landing at San Pedro in the dark of night.

And there is nothing on which an inference of negligence on the part of the owners of the vessel or its crew could be made. To the contrary, it is evident that the defendant is solely to blame, because he chose to traverse the dark well deck of a tanker which he knew presented many obstacles to proper movement in the dark. In fact, the testimony shows that even when members of the crew were required to be on that portion of the vessel at night, they used ample three cell flash lights.

■ As his cause of action is based on negligence, failure to prove it is fatal to his claim. Nor is he entitled to be compensated for loss of wages during the period of illness. Recovery of wages is limited to the voyage. Farrell v. United States, 1949, 336 U.S. 511, 519–521, 69 S.Ct. 707, 93 L. Ed. 850; McManus v. Marine Transport Lines, Inc., 2 Cir., 1945, 149 F.2d 969; Pacific Mail S. S. Co. v. Lucas, 9 Cir., 1920, 264 F. 938, 941.

The voyage terminated on the day after injury, December 24, 1951. The anticipatory articles did not take effect because, at the time, the plaintiff was injured and he would have been unable to enter upon the performance of his duties. Smith v. United States, D.C.Md.1946, 66 F.Supp. 933, 942–943.

Hence the ruling above made.