Charles REED, Donald Larson, Mosa Mosed Said, Robert Blainey, Vincent Sylvis, Stanley Beckish, Albert Merchant, Martin Tighe, Said Mudhegi, Richard Waeme, Robert La Haie, Ali Yaha, Thomas Puharic and Carl Mayhew, Jr., on behalf of Themselves and Other Great Lakes Seamen Paid Maintenance by Defendants, but not Unearned Wages, Plaintiffs,

v.

AMERICAN STEAMSHIP COMPANY, Cleveland Tankers, Inc., Rouge Steel Company, Interlake Steamship Company, Huron Cement, Division of National Gypsum Company, Bob–Lo, Division of Automobile Service Club of Michigan, and Cleveland Cliffs Iron Company, Defendants.

Civ. A. No. 85–74428.

United States District Court, E.D. Michigan, S.D.

Sept. 30, 1991.

See also, 682 F.Supp. 333.

Dennis M. O'Bryan, Birmingham, Mich., for plaintiffs.

Thomas W. Emery, Garan Lucow, Detroit, Mich., for defendant American S.S. Co.

Robert H. Fortunate, Foster Meadows & Ballard, Detroit, Mich., for defendant Bob–Lo.

William D. Carle, III, David G. Davies, Ray Robinson Carle Davies & Snyder, Cleveland, Ohio, for defendants Cleveland Cliffs and Huron Cement Co.

Paul D. Galea, Foster Meadows, Detroit, Mich., for defendants Rouge Steel Co. and Interlake S.S. Co.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

This class action suit involves seamen who sustained injury or illness rendering them unfit for duty during the course of their employment with various vessels of the defendant owners. There is no dispute that seamen were paid the maintenance and cure benefits to which they were entitled. Plaintiffs contend that defendants were also obligated to pay unearned wages to the end of the Great Lakes sailing season, to the termination of the articles under which they served, or to the end of the pay period, depending upon the terms of their employment. Plaintiffs filed the instant suit to recover those unearned wages from defendants.

Plaintiffs filed their motion for partial summary judgment on the issue of liability February 4, 1991, and filed a supplement to that motion February 21, 1991. Defendants filed a response and cross motion for summary judgment April 15, 1991. Plaintiffs requested leave to file a "reply" in excess of twenty (20) pages May 23, 1991. The court denied the request. Plaintiffs then filed a reply in conformity with the local rules June 25, 1991. Plaintiffs also filed a response to defendants' motion for summary judgment June 25, 1991. In the meantime, defendants had filed a reply to their motion for summary judgment June 7, 1991, under the mistaken belief that the reply brief plaintiffs attempted to file May 23, 1991, was a response to defendants' motion for summary judgment.

Federal subject matter jurisdiction in this action is proper pursuant to 28 U.S.C. § 1333(a) (federal district courts have original jurisdiction of any civil case of admiralty or maritime law).

## ISSUE PRESENTED

The issue presented is "whether seamen on the Great Lakes, when rendered unfit for duty due to illness or injury during the course of their employment, are entitled to unearned wages beyond the point of discharge from the vessel to the termination of the contractual period of employment or the end of the Great Lakes sailing season or to the end of the pay period." July 31, 1986 Memorandum Opinion, p. 3.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." [Citation omitted]. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■■■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2510–11. (Citations omitted); *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## BACKGROUND

According to maritime law dating back to the Middle Ages, seamen who became ill or injured during the course of their employment were provided maintenance, cure and unearned wages to the end of the voyage. Maintenance is the amount paid by the shipowner to provide the seaman with food and lodging until the time of full recovery. Cure is the amount paid to provide medical expenses to the time of full recovery. The third element of the three is unearned wages covering the period from the onset of illness or injury until the end of the voyage.

In the instant case seamen who became ill or injured during the course of their employment were paid maintenance and cure until the time of their recovery; however, the defendants paid the seamen unearned wages only up to the end of the voyage, the point at which the seamen departed the vessel. Plaintiffs complain that unearned wages should have continued until the termination date stated in the articles, to the end of the pay period, or to the end of the shipping season, depending upon their employment agreement.

Both parties fully briefed the issue of whether unearned wages may be abrogated by mutual agreement. However, more important to deciding this case is the determination of the term of plaintiffs' employment. The term of plaintiffs' employment runs to the point at which the seamen were no longer obligated to the vessel. If that point is determined to be the point at which the seamen are discharged from the vessel, the defendants are entitled to summary judgment. If the seamen's obligation to the vessel is determined to extend beyond that point, whether by the articles, the pay period, the shipping season, or the collective bargaining agreement, then plaintiffs are entitled to partial summary judgment on the issue of liability only.

## ANALYSIS

To analyze the instant action, the court looks to a case decided over eighty years ago by the United States Court of Appeals for the Sixth Circuit. *Great Lakes S.S. Co. v. Geiger,* 261 F. 275 (6th Cir.1919) involved a Great Lakes voyage from Lake Erie to Lake Superior and back to Lake Erie. After an injury on board ship, the seaman was paid maintenance and cure benefits, about which there was no dispute. The case proceeded strictly on the question of unearned wages. The Sixth Circuit held that the district court had erred in awarding wages to the injured seaman beyond the end of the voyage, the port at which he was discharged from the vessel. In that case the seaman had signed articles which did not purport to designate a term of employment. The court acknowledged,

however, that in other circumstances another rule might possibly apply "where the term of shipment extends beyond the termination of the voyage." *Id.* at 278. The court held that "libelant's right to wages is, as a matter of law, confined to the end of the voyage, and that the award below was in this respect unwarranted. *We do not decide what the rule would be had the contract of employment extended beyond the end of the voyage.*" *Id.* at 279 (emphasis added). That is the precise issue this court must decide.

In *Geiger* the Court of Appeals for the Sixth Circuit did provide some guidance on the issue. The appellate court found that the obligation of the vessel to provide for a disabled or sick seaman should be coextensive in duration with the seaman's employment obligation to the vessel. *Id.* at 277 (citing *The Ben Flint*, 1 Bliss. 562, 569 (1867)). Therefore, in order to decide the issue presented, the court must determine the point at which a seaman is no longer obligated to the vessel.

■ The parties have stipulated to some critical facts, and from those it is clear that, regardless of the terms stated in any articles, a seaman is bound to the vessel only to the end of the voyage—that is, from port to port. First, the parties agree that "[d]espite the use of the articles by Great Lakes vessel owners, it has never been the intention of the shipowner or seamen that a seaman was bound to the ship (or required to remain in the shipowner's employment) for the period of time specified in the articles, be it bi-weekly or monthly, nor has it been the intention of either that the shipowner be bound to provide employment during the stated term, unless provided for in the applicable collective bargaining agreement." Stipulated Facts ("S.F.") filed May 7, 1991, p. 4.

The parties further agree that "[a] crew member can quit the vessel at any time, without regard to the period stated in the articles. No forfeiture of earned wages occurs, irrespective of any statute which may or may not apply. Any sanction for leaving the vessel is determined pursuant to the collective bargaining agreement."

S.F., p. 5. By applying the aforementioned reasoning set forth by the Sixth Circuit in *Geiger*, that the obligation of the vessel to provide for a disabled or sick seaman should be coextensive in duration with the seaman's employment obligation to the vessel, it is clear that in the instant case the seaman's obligation to the vessel and the vessel's obligation to the seaman are to the end of the voyage.

Finally, the parties agree that "[w]ithout regard to the legal meaning of the term in the unearned wages context, based upon custom and practice on the Great Lakes, shipowners and crew members regard a 'voyage' as a 'port to port' trip, i.e., from an unloading port to a loading port or vice versa." S.F., p. 6.

The court finds that because no genuine issue of material fact remains regarding the point at which a seaman is no longer obligated to the vessel, defendants are entitled to summary judgment.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion for partial summary judgment is DENIED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that a judgment in accordance with this order shall be entered.