VALENTIN ENCARNACION, Respondent, *v.* WILLIAM A. JAMISON and Another, Doing Business under the Firm Name and Style of ARBUCKLE BROTHERS, Defendants, Impleaded with WILLIAM A. JAMISON Appellant.

Second Department, June 28, 1928.

*Theodore H. Lord* [*Daniel Miner* and *James B. Henney* with him on the brief], for the appellant.

*James A. Gray*, for the respondent.

KAPPER, J. The action seeks to hold an employing stevedore for an assault committed by one of his employees, a " foreman " or " gang boss," upon a fellow-employee. The assault was inflicted while the plaintiff and the foreman were on a barge on the East river at the foot of Jay street, Brooklyn, on May 19, 1925. The work in hand appears to have been the loading of the barge. Plaintiff claimed that this " foreman " called him an opprobrious name and told him to " hurry up," and upon the plaintiff retorting that he knew what work to do, the foreman punched him, causing him to fall. He claimed to have been seriously hurt.

The foreman testified that in this loading work he took " charge of a gang," that plaintiff was in his " gang," and that it was his duty " to keep " the men " busy all the time." He also testified that his wages were the same as those of the men in the " gang," and that at times he acted as a laborer and at other times " bossed the gang." The evidence permitted the conclusion that a gang boss or foreman assaulted an employee who was subject to his orders; and the verdict of the jury, under the charge of the learned trial justice, found the *employing* stevedore liable for this assault, upon the theory that the same was committed " in the furtherance of the master's work."

In *Gabrielson* v. *Waydell* (135 N. Y. 1) it was held that the owners of a vessel are not liable for an assault by the ship's captain upon a seaman while on the high seas. While in respect of some matters a ship's captain is not a fellow-servant with the seaman under his authority, it is pointed out in the case cited that liability of owners of a vessel to a seaman for the act of the ship's captain is limited to duties resting upon the owners under the principles of the maritime law, which, by force of the situation, could only be discharged through the agency of the vessel's master. At any rate, the case is authority against liability of a ship's owner for an assault committed by the captain upon a seaman. Assuming that to be so, it necessarily follows that one of lesser authority than the captain could not bind his master for the consequences of a willful wrong inflicted upon another in the same employment. And this view is conceded by the respondent, who seeks to overcome it only by what is urged as a change in the law. It is urged first that stevedores, like seamen, are now entitled to the benefits to be derived from jurisdiction of common-law courts in cases involving maritime torts, and this is so. (*International Stevedoring Co.* v. *Haverty*, 272 U. S. 50.) It is then claimed that the ruling in *Gabrielson* v. *Waydell* (*supra*) has been made obsolete by the act of Congress (referred to generally as the Jones Act), being section 20 of the act of March 4, 1915, as amended by section 33 of the act of June 5, 1920. (41 U. S. Stat. at Large, 1007.) This act of Congress extended to seamen the common-law right or remedy given in cases of personal injury to railway employees. (*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375, 389.) And because the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65) declares an employer liable for injury resulting in whole or in part " from the negligence of any of the officers, agents, or employees " of such railroad company (Act of April 22, 1908, being entitled " An act relating to the liability of common carriers by railroad to their employees in certain cases ") and thereby abolished the

common-law fellow-servant rule, it is contended that the assault committed by this gang boss must be regarded as the act of a fellow-servant for which the master is liable within the principles now declared in cases of maritime tort. There is no analogy between the real case and the invoked rules. The Federal Employers' Liability Act (*supra*) is explicit in predicating liability upon "negligence." No term or phrase other than "negligence" as a basis of liability is mentioned in the legislation. Certainly "assault" is nowhere mentioned or referred to. The entire theory of the act is that of negligence as the term has been understood from time immemorial, emphasized by provisions for a diminution of damages recovered when there is found to be "negligence attributable to such employee," or he has "been guilty of contributory negligence." It is these provisions only which were extended by the "Jones Act" (*supra*), with the result, in my opinion, that the case of *Gabrielson* v. *Waydell* (*supra*) is still alive in so far as concerns a recovery of full indemnity for injury, as at common law.

The case involves nothing more than that of an assault by one employee upon another, and for such an act a master is not responsible, even though the assault be committed by one who thought a fellow-servant, subject to his orders, should have hurried his work a little more or done something in a different way. The master neither expressly nor impliedly employed the gang boss to commit an assault upon another employee.

In my opinion the action is not maintainable, and I, therefore, advise that the judgment be reversed upon the law and the facts, with costs, and that the complaint be dismissed, with costs.

LAZANSKY, P. J., YOUNG, SEEGER and CARSWELL, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.