JAMISON ET AL., EXECUTORS, *v.* ENCARNACION.

No. 390.   Argued April 22, 1930.—Decided May 26. 1930.

*Mr. Theodore H. Lord,* with whom *Messrs. James B. Henney* and *Daniel Miner* were on the brief, for petitioners.

Mr. *James A. Gray,* with whom Mr. *William S. Butler* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is an action brought in the Supreme Court of New York by respondent, a longshoreman, against William A. Jamison, an employing stevedore, to recover damages for personal injuries. Plaintiff was employed by defendant as a member of a crew loading a barge lying at Brooklyn in the navigable waters of the United States. One Curren was the foreman in charge of the crew. While plaintiff was upon the barge engaged with

others in loading it, the foreman struck and seriously injured him.

The evidence showed that the foreman was authorized by the employer to direct the crew and to keep them at work. Plaintiff's evidence was sufficient to warrant a finding that the foreman assaulted him without provocation and to hurry him about the work. The trial judge instructed the jury that the defendant would not be liable if the foreman assaulted plaintiff by reason of a personal difference, but that if the foreman, in the course of his employment, committed an unprovoked assault upon plaintiff in furtherance of defendant's work, plaintiff might recover. The jury returned a verdict for $2,500 in favor of plaintiff and the court gave him judgment for that amount.

The case was taken to the Appellate Division and there plaintiff invoked in support of the judgment § 33 of the Merchant Marine Act, 1920, 46 U. S. C., § 688, and the Federal Employers' Liability Act of April 22, 1908, 45 U. S. C., §§ 51–59. The court, 224 App. Div. 260, held that plaintiff's injury was not the result of any negligence within the meaning of the latter Act and reversed the judgment.

The Court of Appeals, 251 N. Y. 218, held that the Federal Employers' Liability Act applies and, after quoting the language of this court in *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50, 52, said (p. 223): "As the word 'seamen' in the act [§ 33, Merchant Marine Act] includes 'stevedores,' so the word 'negligence' [§ 1, Federal Employers' Liability Act] should . . . include 'misconduct.'" It reversed the judgment of the Appellate Division and affirmed that of the Supreme Court.

Section 33 of the Merchant Marine Act provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by

jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; . . ."

Section 1 of the Federal Employers' Liability Act provides:

" Every common carrier by railroad while engaging in [interstate] commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, . . ."

Plaintiff was a seaman within the meaning of § 33 (*International Stevedoring Co.* v. *Haverty, supra*) and, as he sustained the injuries complained of while loading a vessel in navigable waters, the case is governed by the maritime law as modified by the Acts of Congress above referred to. *Northern Coal Co.* v. *Strand,* 278 U. S. 142. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375. He is entitled to recover if within the meaning of § 1 his injuries resulted from the negligence of the foreman.

The question is whether " negligence " as there used includes the assault in question. The measure was adopted for the relief of a large class of persons employed in hazardous work in the service described. It abrogates the common law rule that makes every employee bear the risk of injury or death through the fault or negligence of fellow servants and applies the principle of respondeat superior (§ 1), eliminates the defense of contributory negligence and substitutes a rule of comparative negligence (§ 3), abolishes the defense of assumption of risk where the violation of a statute enacted for the safety of employees is a contributing cause (§ 4) and denounces all contracts, rules and regulations calculated to exempt the employer from liability created by the Act. § 5.

The reports of the House and Senate committees having the bill in charge condemn the fellow-servant rule as operating unjustly when applied to modern conditions in actions against carriers to recover damages for injury or death of their employees and show that a complete abrogation of that rule was intended.[1] The Act, like an earlier similar one that was held invalid because it included subjects beyond the reach of Congress,[2] is intended to stimulate carriers to greater diligence for the safety of their employees and of the persons and property of their patrons. *Second Employers' Liability Cases,* 223 U. S. 1, 51. *Minneapolis R. Co.* v. *Rock,* 279 U. S. 410, 413.

The rule that statutes in derogation of the common law are to be strictly construed does not require such an adherence to the letter as would defeat an obvious legislative purpose or lessen the scope plainly intended to be given to the measure. *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1, 17–18. *Gooch* v. *Oregon Short Line R. R. Co.,* 258 U. S. 22, 24. *Barrett* v. *Van Pelt,* 268 U. S. 85, 90. *Johnson* v. *United States,* 163 Fed. 30, 32. Cf. *Hackfeld & Co.* v. *United States,* 197 U. S. 442, 449, *et seq.* The Act is not to be narrowed by refined reasoning or for the sake of giving " negligence " a technically restricted meaning. It is to be construed liberally to fulfill the purposes for which it was enacted and to that end the word may be read to include all the meanings given to it by courts and within the word as ordinarily used. *Miller* v. *Robertson,* 266 U. S. 243, 248, 250.

As the Federal Employers' Liability Act does not create liability without fault (*Seaboard Air Line* v. *Horton,* 233 U. S. 492, 501), it may reasonably be construed in contrast with proposals and enactments to make employers

---

[1] Senate Report No. 460, pp. 1–2, 60th Congress, 1st Session. House of Representatives Report No. 1386, p. 2, 60th Congress, 1st Session.

[2] Act of June 11, 1906, 34 Stat. 232, held unconstitutional in *The Employers' Liability Cases,* 207 U. S. 463.

liable, in the absence of any tortious act, for the payment of compensation for personal injuries or death of employees arising in the course of their employment.

"Negligence" is a word of broad significance and may not readily be defined with accuracy. Courts usually refrain from attempts comprehensively to state its meaning. While liability arises when one suffers injury as the result of any breach of duty owed him by another chargeable with knowledge of the probable result of his conduct, actionable negligence is often deemed—and we need not pause to consider whether rightly—to include other elements. Some courts call willful misconduct evincing intention or willingness to cause injury to another gross negligence. *Bolin* v. *Chicago, St. P., M. & O. Railway Co.,* 108 Wis. 333, and cases cited. And see *Peoria Bridge Association* v. *Loomis,* 20 Ill. 235, 251. *C., R. I. & P. Ry. Co.* v. *Hamler,* 215 Ill. 525, and cases cited. *Mercer* v. *Corbin,* 117 Ind. 450. And it has been held that the use of excessive force causing injury to an employee by the superintendent of a factory in order to induce her to remain at work was not a trespass as distinguished from a careless or negligent act. *Richard* v. *Amoskeag Mfg. Co.* 79 N. H. 380, 381. While the assault of which plaintiff complains was in excess of the authority conferred by the employer upon the foreman, it was committed in the course of the discharge of his duties and in furtherance of the work of the employer's business. As unquestionably the employer would be liable if plaintiff's injuries had been caused by mere inadvertence or carelessness on the part of the offending foreman, it would be unreasonable and in conflict with the purpose of Congress to hold that the assault, a much graver breach of duty, was not negligence within the meaning of the Act. *Johnson* v. *Southern Pacific Co., supra. Schlemmer* v. *Buffalo, R. & P. Ry.,* 205 U. S. 1, 9, 10.

*Judgment affirmed.*