## ESCANDON v. PAN AMERICAN FOREIGN CORPORATION et al.
### No. 8046.

Circuit Court of Appeals, Fifth Circuit.
Feb. 22, 1937.

Brantly Harris, George W. Coltzer, and Emmett F. Magee, all of Galveston, Tex., for appellant.

Clarence S. Eastham, of Galveston, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree dismissing a libel in personam against the Pan American Foreign Corporation, under the Act of March 4, 1915, as amended June 5, 1920 (46 U.S.C.A. § 688), for injuries inflicted upon a seaman by the chief mate of the steamship Dean Emery, a vessel owned by appellee.

The principal ground urged for reversal is that findings of fact by the District Court are contrary to the weight of the evidence. On the trial, appellant testified in his own behalf and rested. For appellee, one witness testified orally and three by deposition. In rebuttal, three witnesses gave oral evidence for appellant. The facts found are in accordance with the testimony and depositions offered by appellee.

Since a substantial part of the testimony was by depositions, we are urged to examine the record, and, if the findings of the District Court are not in accord with the weight of the evidence, to determine the facts de novo. However, the reasons for the rule, that findings of fact which are supported by the evidence ordinarily will not be disturbed on appeal, are present in this case, and the mere fact that some of the testimony was heard by depositions does not require a determination of the facts de novo. Lortie v. American-Hawaiian S. S. Co. (C.C.A.) 78 F.(2d) 819; The Corapeake (C.C.A.) 55 F.(2d) 228; Southern Pac. Co. v. Moore Shipbuilding Company (C.C.A.) 19 F.(2d) 878; San Francisco & P. S. S. Company v. Leggett (C.C.A.) 253 F. 312; The Great Northern (C.C.A.) 251 F. 826.

Nevertheless, we have carefully considered the entire testimony in the record,

and concur in the findings of the District Court. It appears that for a day or so previous to March 21, 1935, libelant had been drinking intoxicating liquors, and was unable to work. Early that day he was apparently sober and undertook to work, but continued drinking during all of the morning. He interfered with proper arrangements which the chief officer had made with respect to the pumps, and, if he had not been restrained, would have caused damage to the ship. He was attempting to open the pumps and let the water in where the men were working, thereby endangering the vessel and its crew, when the chief officer had him arrested, handcuffed, and confined to his quarters. The purpose of the officer was not to compel libelant to work, or to punish him for any infraction of the law or of the rules of the ship, but to prevent him from interfering with the pumps, or injuring the vessel, its contents, or the persons on board. The latter was incapable of performing his duties as pumper; was obstreperous, quarrelsome, and refused to obey orders. It is difficult to explain his behavior, if he was not drunk. No more force was used by the chief officer than libelant made necessary.

■ The Jones Act (46 U.S.C.A. § 688) authorizes actions at law or proceedings in admiralty by seamen for injuries received in the course of their employment, and provides that all statutes of the United States conferring or regulating the right of action for death of railway employees shall be applicable. The Employers' Liability Act (45 U.S.C.A. § 51) provides for actions by employees of common carriers engaged in interstate commerce for injuries or death resulting from the negligence of any of the officers, agents, or employees of such carriers. The statute does not undertake to define negligence, but leaves its significance to be determined by the common law as announced by the federal courts. Southern Ry. Co. v. Gray, 241 U.S. 333, 36 S.Ct. 558, 60 L.Ed. 1030. The statute is construed liberally to include within the term "negligence" all the meanings given to the word as it is ordinarily used. Miller v. Robertson, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265. Thus it was held in Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082, that an assault, in excess of the authority conferred by the employer, but committed in the discharge of duty and in the furtherance of the work of the employer, was actionable, there being no legal justification.

■ Appellant contends that the chief officer was negligent in not calling the police, who were near at hand; or in not putting him ashore, thereby rendering the handcuffing and confining unnecessary. However, if the word "negligence," as used in the statutes, be given its broadest meaning, and be construed to include any infraction of the maxim, sic utere tuo ut alienum non laedas, it creates no right of action which does not exist at common law. Cole v. Seaboard Air Line Ry. Co., 199 N. C. 389, 154 S.E. 682, certiorari denied, 282 U.S. 898, 51 S.Ct. 182, 75 L.Ed. 791.

■ It is elementary that no recovery may be had for an assault and battery to prevent or abate a trespass, if no more force be used than is reasonably necessary. What is reasonably necessary is a question of fact. Commonwealth v. Wright, 158· Mass. 149, 33 N.E. 82, 19 L.R.A. 206, 35 Am.St.Rep. 475. The proximity of the police and the availability of their co-operation, as well as the efficacy of putting appellant ashore and taking necessary measures to prevent his return, were all matters to be considered in determining whether the force used was excessive. The District Court found that the force used was not excessive, and its judgment is affirmed.