## KAKARA v. UNITED STATES.

### No. 11245.

Circuit Court of Appeals, Ninth Circuit.

Oct. 4, 1946.

As Amended Oct. 18, 1946.

Gladstein, Andersen, Resner, Sawyer & Edises, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Leavenworth Colby, Admiralty & Shipping Section, Department of Justice, both of San Francisco, Cal. (John H. Black, Edw. R. Kay, and Henry W. Schaldack, all of San Francisco, Cal., of counsel), for appellee.

Before DENMAN, HEALY, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree dismissing a libel in personam against the appellee, brought under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., because not filed within the two year period of limitation provided in § 5 of that Act as amended in 1932 to read:

"Suits [as] authorized [in] this chapter * * * shall be brought within two years after the cause of action arises."

The cause of action in the libelant arose on January 23, 1943, and the libel in personam against the United States was filed more than two years later on May 6, 1945.

The libel was for personal injuries to the libelant seaman for which it was alleged that suit could be brought at law or in admiralty under the Jones Act, 46 U.S.C. § 688, 46 U.S.C.A. § 688, which when enacted incorporated the two year period of limitation of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. In 1939 the latter Act was amended to extend its statutory limitation to three years, 45 U.S. C.A. § 56.

Appellant contends that as to the Jones Act's rights against private owners and vessels, this subsequent amendment of the Employers' Liability Act enlarged the Jones Act's limitation to three years. Cf. Streeter v. Great Lakes Transit Corp., D.C., 49 F.Supp. 466; Chisholm v. Cherokee-Seminole S. S. Corp., D.C., 36 F.Supp. 967; Hust v. Moore-McCormack Lines, 66 S.Ct. 1218. Appellee contends that the Jones Act embodied the provisions of the Employers' Liability Act only as to the latter's provisions as they were when so embodied and cites Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858, and Kendall v. United States, 12 Pet. 524, 9 L.Ed. 1181. Our view of the specific two year provision of § 5 of the Suits in Admiralty Act makes it unnecessary to determine this contention of appellant.

Congress, as a war measure, enacted on March 24, 1943, Public Law No. 17, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291, providing as to all employees of the United States on its vessels suffering "injuries" such as alleged in the instant libel that they shall "have all of the rights, benefits, exemptions,

privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels," and further providing that a claim for such liability of the United States "shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act (Title 46, §§ 741–752), notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act."

Appellant claims that the "rights, benefits, * * * [and] privileges" of this 1943 enactment included the right and privilege of the three year statute of limitation of the Jones Act created in 1939, and that as to that right and privilege the specific two year limitation of the 1932 amendment of the Suits in Admiralty Act no longer applies to Jones Act suits against the United States.

In support of this contention it is argued that ambiguities in legislation for the benefit of seamen must be construed in their favor. Jamison v. Encarnacion, 281 U.S. 635, 640, 50 S.Ct. 440, 74 L.Ed. 1082. Against the contention that the Act must be strictly construed because it determines the extent of the right to sue the sovereign, there is the case of Canadian Aviator, Ltd., v. United States, 324 U.S. 215, 222, 65 S.Ct. 639, 89 L.Ed. 901, liberally construing the Public Vessels Act, and our decision in McInnis v. United States, 9 Cir., 152 F.2d 387, 388, so construing one of the provisions of Public Law No. 17.

However, we are of the opinion that with due regard to these principles of construction (Cf. White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172), and assuming that the Jones Act now has a three year statute of limitation, Congress in Public Law No. 17 intended the two year statute of limitation to apply. Appellant's contention that the limitation provision of § 5 does not apply would require a holding that the other limiting provisions of the Act do not apply. The "rights" and "privileges" of seamen include the right to the remedy of an action in rem against the vessel for injuries arising from her un-

seaworthiness and under the Jones Act, and to the remedy of a suit at law in the state or federal courts, including the remedy of trial by jury. It cannot be contended that despite its provision that seamen's rights are to "be enforced pursuant to the provisions of the Suits in Admiralty Act," Public Law No. 17 enlarged that Act to give to seamen as against the United States all these other remedies available to them. We are unable to see why a remedial extension of the two year statute of limitation of the Suits in Admiralty Act to three years should be singled out from these other remedies as alone conferred by Public Law No. 17. Cf. Crescitalli v. United States, D.C.E.D.Pa., 66 F.Supp. 894; Piastik v. United States, 65 F.Supp. 430, 1944 A.M.C. 1350; Keil v. United States, D.C.D.M., 65 F.Supp. 431.

The decree is affirmed.