Elery A. OCHSRIDER, Jr.,

v.

READING COMPANY.

Civ. A. No. 21956.

United States District Court
E. D. Pennsylvania.

April 27, 1959.

Milford J. Meyer, Joseph Smukler, Philadelphia, Pa., for plaintiff.

Richard P. Brown, Jr., Philadelphia, Pa., for defendant Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel.

KRAFT, District Judge.

This is an action by an employe under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. to recover damages for personal injuries resulting, it is alleged, from an unprovoked assault by a fellow employe.

The parties, by their respective counsel, orally stipulated that the action be tried to the court without a jury, and orally waived all requirements of the Federal Rules of Civil Procedure respecting specific findings of fact and conclusions of law, except that the court should make specific findings on the questions: (1) whether or not the assault was committed by the employe in the scope of his employment and with the purpose of furthering the employer's business; and (2) the amount of the damages sustained by plaintiff as a result of the assault, whether or not liability should be found to exist. Engagement in interstate commerce was expressly admitted.

██ The basic and underlying facts are not in dispute, and appear from the testimony of the plaintiff, who was the sole witness in the case.

On October 3, 1956, plaintiff was employed as a welder in defendant's car shop in Reading, and was engaged with other workmen in assembling sides for hopper cars. The operation progressed through successive stages, in what was described as an "assembly line arrangement." The work of assembling began at the No. 1 jig, continued at No. 2 jig and was finally completed at No. 3 jig. Plaintiff and another worker were stationed at No. 2 jig. One Randazzo with two other workers constituted the crew at No. 3 jig. Among his fellow workers Randazzo had a reputation for fault-finding and was known as a quick-tempered, chronic complainer. He complained if the work moved along too quickly, and he complained if it came to him too slowly so that he was required to wait on occasions. Plaintiff makes no claim, however, that the defendant knew, or should have known, that Randazzo was a violent person, or a person of vicious tendencies and disposition.

Shortly before noon on the day in question, when the work was proceeding at a satisfactory pace, Randazzo suddenly left his jig and ran toward plaintiff complaining that plaintiff's crew was "going too slow for him." Plaintiff put his hands on Randazzo's shoulder and attempted to placate him. Asked what then happened, plaintiff testified: "Well, he stooped down while I had my hands on his shoulder like that, he stooped down and took his glasses off and laid them on the trash can right near there and, well, he came upright and started in swinging, clubbed me all over the face and teeth and jaw, I don't know how many times he hit me, and my glasses fell to the floor."

Plaintiff sustained severe and permanent injuries as a result of the encounter. An X-ray examination indicated the necessity for an immediate operation. Plaintiff was operated on, and remained in the hospital for a period of eleven days. He was unable to return to work until the following November 12th. The hospital report "shows the final diagnosis of fracture of the floor orbit on the left; fracture of the zygoma on the left depressed; fracture of the malar bone on the left, and fracture of the maxillary bone on the left."

▮ The Federal Employers' Liability Act provides that a railroad engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *" 45 U.S.C.A. § 51. As the statute has been construed, "negligence" may embrace an assault and battery, and the employer must respond if it was committed by an employe in the scope of his employment with the purpose of furthering the employer's business. Steeley v. Kurn, 1940, 313 U.S. 545, 61 S.Ct. 1087, 85 L.Ed. 1512; Jamison v. Encarnacion, 1930, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed.

1082; Alpha Steamship Corporation v. Cain, 1930, 281 U.S. 642, 50 S.Ct. 443, 74 L.Ed. 1086; Nelson v. American-West African Line, Inc., 2 Cir., 1936, 86 F.2d 730, certiorari denied, 1937, 300 U.S. 665, 57 S.Ct. 509, 81 L.Ed. 873; Gibson v. Kennedy, 1957, 23 N.J. 150, 128 A.2d 480.

▮ It is just as clear, on the other hand, that a principal is not chargeable with willful acts, intended by the agent only to further his own interest, and not done for the principal at all. Davis v. Green, 1922, 260 U.S. 349, 43 S.Ct. 123, 67 L.Ed. 299; Nelson v. American-West African Line, Inc., supra.

After a full, careful review of the evidence, we are not persuaded that Randazzo's act was committed in the scope of his employment and with the purpose of furthering defendant's business. The assault clearly was not within the scope of Randazzo's employment, even in the most liberal sense of that somewhat nebulous term. Nor are we persuaded to infer from the evidence that Randazzo, in the commission of the act, was inspired by any desire to "speed up" the operations, in defendant's interests, as plaintiff's able counsel so earnestly contends. The violence and persistence of the attack, as demonstrated by the seriousness of the injuries, was strongly suggestive of a personal motivation. The outrageous quality of an employe's act may well be persuasive in considering whether his motivation was purely personal. Restatement, Agency, Sec. 235, comment (c) (1933). We infer from the evidence that Randazzo, a man of volatile temper, became infuriated when plaintiff placed his hands on Randazzo's shoulders—a natural human reaction—and struck out merely to express his resentment and to gratify his own vindictive temper.

The evidence, in short, establishes that Randazzo did a willful act wholly outside the scope of his employment, intended only to further his own interests. The defendant is, therefore, not liable for Randazzo's act.

From the evidence, we make the following

### Findings of Fact

1. Randazzo's assault on the plaintiff was not committed in the scope of his employment.

2. Randazzo's assault on the plaintiff was not committed with the purpose of furthering his employer's business.

3. The damages suffered by the plaintiff as a result of Randazzo's assault upon him were as follows:

| | |
|---|---|
| Loss of wages | $461.95 |
| Pain and suffering, permanent facial and dental injuries | 4500.00 |
| Total.........$4961.95 | |

### Order

Now, April 27, 1959, conformably to the law and the findings of fact, it is ordered that judgment be, and it is, entered for the defendant.