**WATERMAN STEAMSHIP CORPORATION and Waterman of Puerto Rico, USA, Inc., Appellants,**

**v.**

**Marcus J. CASBON, Ryan Stevedoring Company, and the Travelers Insurance Company, Appellees.**

**Marcus J. CASBON, Ryan Stevedoring Company, and the Travelers Insurance Company, Appellants,**

**v.**

**WATERMAN STEAMSHIP CORPORATION and Waterman of Puerto Rico, USA, Inc., Appellees.**

**No. 25690.**

United States Court of Appeals Fifth Circuit.

Oct. 24, 1969.

George W. Healy, III, James Hanemann, Jr., New Orleans, La., for Waterman Steamship Corp. and Waterman of Puerto Rico, USA, Inc.; Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel.

Max Zelden, John R. Peters, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Marcus J. Casbon, Ryan Stevedoring Co. and Travelers Ins. Co.; Zelden & Zelden, New Orleans, La., of counsel.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

The facts of this case with all of the contradictions and inconsistencies typical of a fracas, whether land-based, waterborne, or amphibious, are set forth in the District Court's opinion, Casbon v. Waterman Steamship Corporation, E.D. La., 1967, 274 F.Supp. 481. Whatever doubts there might be concerning liability based upon unseaworthiness from the pugnacious predisposition of the night mate, there was adequate basis under Jamison v. Encarnacion, 1930, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082, for concluding that the night mate considered himself to be exerting discipline and command within the confines of his jurisdiction so that misuse of excessive force constituted negligence for which the shipowner was responsible. The District Judge's fact conclusions pass muster under F.R.Civ.P. 52(a), and the resulting judgment is amply supported on legal principles. That includes the denial of recovery over against the stevedore and the cross appeal complaining of the damage award.

Affirmed.