George HAWKES, III, Plaintiff/Appellant,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Defendant/Respondent.

No. 63353.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 31, 1995.

Brian M. Wendler and Daniel J. Cohen, Edwardsville, IL, for appellant.

Albert E. Schoenbeck, Robert L. Rodenbush, St. Louis, for respondent.

---

1. This court handed down an opinion in this case on January 25, 1994. On August 15, 1994, the Missouri Supreme Court transferred the case to that court. On the same day, it retransferred the case to this court "for reconsideration in light of

GRIMM, Judge.

Employee sued employer under the Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 *et seq.* His three count petition alleged employer undertook a course of action which constituted harassment to him. He contends this harassment resulted in "severe mental, emotional and physical injuries." Count I alleged the conduct was negligent, Count II alleged the conduct was intentional, and Count III alleged employer was negligent by continuing to retain the officials and employees who engaged in this conduct.

Employer filed a summary judgment motion, alleging three grounds: (1) employee's claims are under the exclusive jurisdiction of the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.;* (2) employee's negligence claim does not meet the Missouri standard of "unconscionable abuse" or "outrageous conduct"; (3) employee's intentional or negligent infliction of emotional distress claims are not cognizable under the FELA. The trial court sustained the motion without setting forth any reason. Employee appeals. We affirm.[1]

In considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper only when the moving party has demonstrated, "on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id.; see also* Rule 74.04(c).

## I. Background

The trial court had before it the pleadings, answers to interrogatories, and employee's deposition. They disclose the following. In his petition, employee alleged employer's "officials, employees and/or its agents undertook a course of action which constituted harassment" to him. This course of action began in 1983 and continued until December 8, 1988.

*Consolidated Rail Corporation v. James E. Gottshall,"* 512 U.S. ——, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). Thereafter, at our request, the parties filed briefs addressing the application of *Gottshall.*

Specifically, he alleged employer: (1) conducted numerous unfounded rule violation investigations and reported discipline for which he was not responsible; (2) prepared and placed letters of reprimand into his personnel file reflecting violations of safety rules and regulations which he had not committed; (3) engaged in "continuous and constant threatening, intimidating, vexatious, harassing, vindictive, retributive, and oppressive conduct" directed to him, including assaults; (4) induced co-workers and friends to participate in this behavior by inducing them to be hostile toward him, threaten him, refuse to socialize with him, and refuse to work with him.

His petition alleged that as a result of these actions, he sustained severe mental, emotional and physical injuries. Specifically, he alleged chest pains, headaches, anxiety attacks, fits of rage, crying spells, depression, nightmares, irritability, restlessness, concentration problems, diarrhea, nausea, and stomach aches.

In his answers to interrogatories, employee identified particular employees who had engaged in this conduct. He specified: (1) an assistant trainmaster as one who cursed him and called him names on a regular basis; (2) an employee who brought a false charge of insubordination against him; (3) numerous employees who repeatedly "harassed, badgered and cursed" him; (4) officials that "brought false charges against [him] for stealing an air pay and tried to get [him] fired." He identified 12 supervisors who engaged in parts of this conduct, and also listed the names of many witnesses to these events.

In his deposition, employee acknowledged that none of his injuries were the "result of anything which was done to [him] physically by way of someone striking [him] or injuring [him] physically." His list of alleged physical injuries included: stomach aches, headaches, loss of sleep, depression, crying spells, loss of respect and esteem. These were the result of verbal dealings with him. Although employee did not provide any dates for when the various actions occurred, he did respond to questions about these incidents.

In December, 1987, his attorney referred him to a psychiatrist, whom he has seen several times. The psychiatrist is the only physician employee has seen. The psychiatrist has not done anything other than talk to him. Employee has not been hospitalized, nor has any medication been prescribed.

## II. Preemption by the Railway Labor Act

■ In his first point, employee alleges his claims for emotional distress are not preempted by the Railway Labor Act. We agree. In *Atchison, Topeka and Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 567, 107 S.Ct. 1410, 1416, 94 L.Ed.2d 563, 574 (1987), the Supreme Court said that the FELA controls the inquiry as to whether purely emotional injuries are cognizable under the FELA, not the RLA. Specifically, it stated, "[a]s far as a worker's right to damages under the FELA is concerned, Congress' enactment of the RLA has no effect." *Id.* at 567, 107 S.Ct. at 1416. Accordingly, summary judgment on any of employee's counts could not be granted on this ground.

## III. Recovery for Negligent Infliction of Emotional Distress under the FELA

Employee's next point alleges summary judgment was improper as to Counts I and III, his negligent infliction of emotional distress claims. Specifically, he alleges that a claim for negligently caused emotional distress is cognizable under the FELA.

This issue was recently decided by the United States Supreme Court in *Consolidated Rail Corporation v. Gottshall*, 512 U.S. ——, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). In *Gottshall*, the Supreme Court affirmatively decided that claims for negligent infliction of emotional distress are cognizable under the FELA. *Id.*, —— U.S. at ——, 114 S.Ct. at 2407.

■ However, our inquiry does not stop there. After stating that negligent infliction of emotional distress claims are cognizable, the Supreme Court placed limitations on evaluating such claims. An "emotional injury constitutes 'injury' resulting from the employer's 'negligence' for purposes of FELA only if it would be compensable under the

terms of the zone of danger test." *Id.*, —— U.S. at ——, 114 S.Ct. at 2410.

Under the *Gottshall* zone of danger test,[2] a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by *fear of physical injury to himself,* whereas a worker outside the zone will not. Railroad employees thus will be able to recover for injuries—physical and emotional—caused by the negligent conduct of their employers that *threatens them imminently with physical impact.*

(emphasis added). *Id.*, —— U.S. at ————, 114 S.Ct. at 2410–11.

In the present case, employee's petition alleged that defendant's employees "undertook a course of action which constituted harassment to [him], ... including assaults." However, employer's summary judgment motion pointed out to the trial court that all complaints in employee's deposition related to "harassment." Employee did not contest these references in his deposition or file any affidavits or response to the summary judgment motion.

We have carefully read employee's deposition. We do not find any statement that employee feared physical injury to himself. Nor is there any suggestion that he was threatened with imminent physical impact. Rather, employee made these statements in his deposition:

Q As I understand it, however, you are not claiming any physical harm, beatings or kickings or fisticuffs or any other abuse of a bodily nature; is that true?

A That's correct.

\* \* \* \* \* \*

Q In other words, this is what you are saying, if I understand you correctly, these [stomachaches, headaches, etc.] were the result of verbal dealings with you; is that correct?

A Yes.

■ To recover under the *Gottshall* zone of danger test, employee must sustain "emotional injury caused by fear of physical injury to himself" or establish employer's negligent conduct that threatened him "imminently with physical impact." *Id.*[3] In response to employer's summary judgment motion, employee did not produce any evidence of this. His mere allegations in the petition are not sufficient. Rule 74.04(e). Accordingly, the trial court did not err in granting summary judgment on Counts I and III.

## IV. Intentional Infliction of Emotional Distress Under the FELA

In his final point, employee alleges the trial court erred in granting summary judgment on Count II, the intentional infliction of emotional distress claim. Employee contends that intentional infliction of emotional distress is a cognizable claim under the FELA. On the other hand, employer argues that the FELA is a negligence statute, providing "no remedy for intentional acts," except for assaults.

■ It is clear that the intentional tort of physical assault falls within the purview of the FELA. *See Jamison v. Encarnacion,* 281 U.S. 635, 641, 50 S.Ct. 440, 442–43, 74 L.Ed. 1082, 1084 (1930); *Taylor v. Burlington Northern R.R. Co.,* 787 F.2d 1309, 1314 (9th Cir.1986). However, as the 6th Circuit stated, "the FELA has not been applied to any intentional torts lacking any physical dimension such as assault." *Adkins v. Seaboard System R.R.,* 821 F.2d 340, 341–42 (6th Cir.1987), *cert. denied,* 484 U.S. 963, 108 S.Ct. 452, 98 L.Ed.2d 392 (1987). *See also Lancaster v. Norfolk & Western Ry. Co.,* 773 F.2d 807, 813 (7th Cir.1985). These holdings continue to be consistent with the requirements imposed by *Gottshall.*

2. Any discussion in this opinion of the "zone of danger" test is limited to claims under the FELA. This opinion does not address the "zone of danger" test used in common law tort claims in Missouri. *See Asaro v. Cardinal Glennon Memorial Hosp.,* 799 S.W.2d 595 (Mo. banc 1990).

3. Justice Ginsburg's dissent recognizes the majority's restrictions, saying, "[i]n other words, to recover for emotional distress, the railroad employee must show that negligence attributable to his employer threatened him 'imminently with physical impact.'" *Gottshall,* —— U.S. at ——, 114 S.Ct. at 2417 (Ginsburg, J., dissenting) (citing *id.* at ——, 114 S.Ct. at 2410).

In contrast, employee relies solely on *Teague v. National R.R. Passenger Corp.,* 708 F.Supp. 1344 (D.Mass.1989). In *Teague,* the federal district court considered both negligent and intentional infliction of emotional distress claims. It first ruled, now contrary to *Gottshall,* that "actual or threatened impact is unnecessary to a negligent infliction claim under the FELA." *Teague,* 708 F.Supp. at 1350. It then reasoned that "it would be unreasonable and against Congress' intent to hold that the analogous intentional tort is not covered." *Id.* at 1351.

■ *Teague* is neither controlling nor persuasive in view of *Gottshall.* Although *Gottshall* permits an employee to recover for emotional injuries, it requires the employee fear physical injury to the employee or that the employee be threatened imminently with physical impact. *Gottshall,* — U.S. at —, 114 S.Ct. at 2411. In the case before us, no such claim is made. Therefore, summary judgment was properly granted on Count II.

The trial court's judgment is affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.