## ROBERTS v. RAILROAD.

(Filed November 27, 1906).

*Railroads—Assaults—Master and Servant—Scope of*
*Employment.*

In an action against a railroad company for damages for an alleged
wrongful assault by its servant, the Court correctly charged the
jury that "where a servant does a wrong to a third person the mas-
ter must answer for the act, if it was committed in the scope and
course of the servant's employment and in furtherance of the mas-
ter's interests," and committed no error in refusing plaintiff's prayer
that if the assault was committed by the servant while engaged in
the performance of his duties, the company was, in any event,
responsible.

ACTION by T. J. Roberts against Southern Railway Com-
pany for damages for assault and battery, heard by *Judge
Henry R. Bryan* and a jury, at the June Term, 1906, of the
Superior Court of MECKLENBURG.

The evidence shows that plaintiff, an employee of the
defendant, on its yard at Charlotte, was assaulted by one
Bradley, the yardmaster, and plaintiff's superior.

Plaintiff's account of the difficulty tended to show that
plaintiff, having made some mistake in switching a train onto
the wrong track, went into the office; and some time there-
after, and within a short time, Bradley, the yardmaster,
came in and spoke to plaintiff about the mistake, and plain-
tiff called Bradley a swell head, and the assault was then
committed.

Bradley's account was that he spoke to plaintiff about the
mistake when it was made, and then he, Bradley, went into
the office. That later, plaintiff came in and commenced to
quarrel with witness, and the fight followed. Bradley further
testified that the assault was not at all serious, and both he
and plaintiff were off duty when it occurred.

Plaintiff contended that though Bradley's successor may have been then on the yard and in charge, that Bradley had still continued to work and was engaged in his duties at the time of the assault.

Plaintiff asked the Court to charge that on the testimony, if believed, the jury should answer the first issue as to a wrongful assault "Yes," which was declined, and the plaintiff excepted.

The plaintiff further asked the following special instructions: "That if the jury find from the evidence that Bradley, the servant of the defendant, while in the discharge of the work of the defendant company, assaulted the plaintiff, they will answer the first issue 'Yes.' " Refused, except as given in the general charge, and plaintiff excepts.

"That if the jury find from the evidence that the plaintiff was assaulted by Bradley, the servant or employee of the defendant, while the plaintiff was on duty doing the work of the defendant company, and that such assault was made by the servant Bradley in consequence of a dispute which arose over the manner in which plaintiff's work was being done or had been done, the jury will answer the first issue 'Yes,' although the jury may find that Bradley had been relieved for the time by the arrival of another yardmaster." Refused, except as given in the general charge, and plaintiff excepts.

"That if the jury find that Mr. Blackwood had relieved Mr. Bradley from his duty as yardmaster before the difficulty commenced between the plaintiff and defendant's employee, Bradley, the defendant is nevertheless liable in damages for the assault of Bradley on the plaintiff, unless Bradley had actually quit his duties before he made the assault upon the plaintiff, about the defendant's business, and before he had actually gone off duty for the defendant, the jury will answer the first issue 'Yes.' " Refused, except as given in the general charge, and plaintiff excepts.

143—12

The Court, among other things, charged the jury that where a servant does a wrong to a third person, the master must answer for the act if it was committed in the course and scope of the servant's employment and in furtherance of the master's business. And, on the request of plaintiff, further charged that the defendant company is responsible in damages for the wrong done plaintiff by the employee of the defendant while such employee or servant was acting within the scope of his employment.

And, in response to a prayer of the defendant, the Court charged that if the jury find from the evidence that Bradley had been relieved from duty by the day yardmaster, Blackwood, before the fight occurred, the answer to the first issue should be "No."

The plaintiff excepted to the refusal of the Court to give his prayers for instructions and to the prayer given at the request of the defendant.

The jury answered the first issue as to wrongful assault "No."

Judgment on the verdict for the defendant, and plaintiff excepted and appealed.

*Morrison & Whitlock* for the plaintiff.
*W. B. Rodman* and *L. C. Caldwell* for the defendant.

HOKE, J., after stating the case: The Court, among other things, charged the jury as follows:

"The Court further charges you that where a servant does a wrong to a third person, the master must answer for the act if it was committed in the scope and course of the servant's employment and in furtherance of the master's interests."

This is a correct general principle which has been frequently applied to different cases in this and other jurisdictions, and on the facts disclosed by the testimony is as favorable as plaintiff had any right to ask. *Jackson v. Telegraph Co.,* 139 N. C., 347 ; *Pierce v. Railroad,* 124 N. C., 83.

And the charge of the Court below in giving the defendant's prayer for instructions, while not under all circumstances a definite or precise test of responsibility, as applied to the facts of this case, is in accord with the best-considered decisions. *Palmer v. Railway,* 131 N. C., 250. Nor was any error committed in refusing plaintiff's prayers for instructions. They all embody the idea that if the assault was committed by Bradley while engaged in the performance of his duties, the company is, in any event, responsible. The Court is confirmed in this interpretation of the prayers by the statement in the brief of plaintiff's attorney in connection with them, as follows:

"We think that the true test is whether or not Bradley was still engaged in and about the duties pertaining to his position when the assault was committed."

And we hold that this is not the correct principle. The test is not whether the act was done while Bradley was on duty or engaged in his duties; but was it done within the scope of his employment and in the prosecution and furtherance of the business which was given him to do?

As held in *Sawyer v. Railroad,* at the present term, quoting from Wood on Master and Servant, sec. 307: "The simple test is whether they were acts within the scope of his employment—not whether they were done while prosecuting the master's business, but whether they were done by the servant in furtherance thereof, and were such as may be fairly said to be authorized by him. By authorized is not meant authority expressly conferred; but whether the act was such as was incident to the performance of the duties intrusted to him by the master, even though in opposition to his express and written orders."

And again from the same author, at sec. 288:

"An employer who leaves to an employee to do certain acts for him according to the employee's judgment and dis-

cretion is answerable for the manner or occasion of doing it, provided it is done *bona fide* and within the scope of the servant's express or implied authority, and not from mere caprice or wantonness and wholly outside of the duties conferred upon him."

The distinction here dwelt upon is very well stated in *Mott v. Ice Co.,* 73 N. Y., 543, as follows: "For the acts of a servant in the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interests, the latter is responsible, whether the act be done negligently, wantonly, or even wilfully. The quality of the act does not excuse. But if the employee, without regard to his service, or to accomplish some purpose of his own, act maliciously or wantonly, the employer is not responsible." And the general doctrine on the subject is fully considered in the case of *Daniel v. Railroad,* 136 N. C., 527.

The error in plaintiff's position, as contained in the prayers for instructions, is that they make the responsibility depend on whether the act was done by Bradley, the yardmaster, while engaged in his duties, and leave entirely out of consideration the questions whether the act was done in the scope of Bradley's employment and in prosecution and furtherance of the powers entrusted to him, and whether it was not an independent tort on the part of Bradley; in which case, the employer is not responsible. Jaggard, vol. 1, p. 279. The same author says, at p. 279: "The question of what is or is not an independent tort of the servant cannot, it seems, be referred to any definite rule, but is ordinarily a question of fact for the jury."

Applying these rules to the facts of the case before us, there has been no error committed which gives the plaintiff any ground of complaint.

While the testimony differs considerably on the merits of the controversy as between plaintiff and Bradley, there is no

substantial difference as to the facts which do or do not tend to inculpate the defendant company.

Both plaintiff and defendant testify that the conduct of plaintiff in changing, or failing to change, the switch had passed at the time of the quarrel. Whether plaintiff went into the office and Bradley afterwards came in, or Bradley went into the office and was later followed by plaintiff, does not affect the question in this aspect of the case. Both statements show that the conduct of plaintiff about the switch as a physical act was a closed incident; and that at the time Bradley was neither directing plaintiff about his work nor giving him instructions about it for the future; nor even physically correcting him about it in the past. It was simply a quarrel that two employees had about a past event, in which Bradley was clearly acting of his own mind and will as an independent agent, and in which plaintiff is not at all free from fault.

There is no error, and the judgment below is affirmed.

No Error.