### ARTHUR HOLEMAN v. PENSACOLA SHIPBUILDING COMPANY.

(Filed 6 October, 1926.)

**1. Master and Servant—Employer and Employee—Negligence—Pleadings —Evidence—Nonsuit.**

Where contributory negligence and assumption of risk are pleaded by the defendant in an employee's action to recover damages for an injury alleged to have been negligently inflicted, and the plaintiff's evidence, without contradiction, tends alone to sustain the defense, a motion for a judgment as of nonsuit should be allowed, and not otherwise.

**2. Same—Contract—Tort.**

The application of the doctrine of assumption of risk arises by contract between the master and servant, and that of contributory negligence sounds in tort.

**3. Same—Proximate Cause.**

Where the application of principle of contributory negligence arises in the servant's action for damages against the master, direct and uncontradicted evidence of the plaintiff that he was driving defendant's truck loaded with lumber, and that some of the lumber fell upon the steering wheel after the accident occurred, will not avail the defendant on his motion to nonsuit, when there is evidence in plaintiff's behalf tending to show that the injury was proximately and previously caused by a defect in the steering machinery of the truck, which amounted to actionable negligence on the defendant's part.

**4. Master and Servant—Employer and Employee—Assumption of Risk— Defective Implements—Automobiles—Trucks.**

The driver of defendant's truck while hauling lumber in the course of his employment, does not assume the risk of a worn and defective

"radius rod," the condition of which proximately caused the injury for which damages in the action are sought.

**5. Same—Duty of Master—Added Danger.**

A servant does not assume the risks incident or usual to the employment engaged in that were not so observable or obvious that a prudent man, under the circumstances, would not have continued with their use, or where the injury complained of was proximately caused by an added danger arising from the defendant's omission of the duty owed to him.

APPEAL by defendant from *Cranmer, J.,* at April Term, 1926, of NORTHAMPTON. No error.

Civil action to recover damages for personal injuries. Plaintiff, an employee of defendant, was injured while driving a truck furnished him by defendant, to haul lumber as directed by his foreman. It is alleged that the truck was defective in that the radius rod was badly worn and bent, and that the road over which plaintiff was required to drive the truck was in bad condition; that while he was driving the truck, loaded with lumber, plaintiff lost control of it, because of the defective radius rod, and the bad condition of the road; that the truck ran off the road, turned over several times and threw plaintiff to the ground, thus causing serious personal injuries to plaintiff.

Defendant denied the allegations of the complaint, with respect to the defective truck, and the condition of the road. It alleged in defense of plaintiff's recovery, his contributory negligence and the assumption of risk by him. Plaintiff alleges that when he was directed by his foreman to use the truck for hauling lumber, he discovered that the radius rod was badly worn and bent, and that for this reason it was dangerous to use it; that he notified his foreman of the defect in the truck, and that the foreman promised to have the truck repaired; that in obedience to the foreman's direction, and relying upon his promise to have the truck repaired, he began work, with the truck, on the morning of the second Saturday in May, 1925, and continued to haul lumber with it until about 2 p.m. of the same day, when he was injured.

From the judgment upon the verdict, finding that plaintiff was injured by the negligence of defendant, as alleged in the complaint, and that he did not contribute to his injury by his negligence, or assume the risk of injury, as alleged in the answer, and assessing his damage at $2,000, defendant appealed to the Supreme Court.

*Burgwyn & Norfleet and Travis & Travis for plaintiff.*
*George C. Green for defendant.*

CONNOR, J. Defendant's assignment of error, for that its motion for judgment of nonsuit was not allowed by the court, cannot be sustained.

The testimony of all the witnesses, with respect to the condition of the truck, and the cause of plaintiff's injury, offered as evidence upon the first issue, if accepted by the jury, was sufficient to sustain the affirmative of the issue. The failure of defendant, by the exercise of due care, to supply plaintiff with a truck reasonably safe and suitable for the work which he was directed to do by his foreman, was negligence; there was evidence from which the jury could find that this negligence was the proximate cause of the injury sustained by plaintiff. No serious contention to the contrary is made by the defendant. An employer who furnishes his employee an implement, tool or appliance, with which to do the work for which he is employed, is not an insurer; it is the duty of the employer, however, to exercise due care to furnish to his employee a reasonably safe implement, tool or appliance. Breach of this duty is negligence; when it is the proximate cause of an injury to the employee, the employer is liable in damages, unless relieved of such liability by the contributory negligence of the employee, or by his assumption of the risk of injury, except where by statute these defenses are not available to the employer.

Defendant contends, however, that upon the testimony of plaintiff and of his witnesses, offered as evidence in his behalf, it should be held that plaintiff, by his own negligent conduct, contributed to his injury, and that because of his knowledge of the defect, which was so obvious that he fully understood and appreciated the danger of driving the truck, he assumed the risk of an injury such as he sustained. It has been held by this Court that when contributory negligence appears from plaintiff's evidence, a motion for nonsuit should be allowed. *Nowell v. Basnight,* 185 N. C., 142, and cases cited; this principle is applicable when defendant pleads assumption of risk by plaintiff as a defense. When from the facts established by plaintiff's evidence the defense of assumption of risk is sustained the motion for nonsuit should be allowed. The principle, however, does not apply in either case, unless all the evidence offered by plaintiff, with all permissible inferences therefrom, sustains only the affirmative of the issues involving these defenses.

The difference in principle between assumption of risk, which arises out of contract, and contributory negligence, which arises out of tort, as stated in *Horton v. R. R.,* 175 N. C., 472, was approved in the opinion of *Stacy, J.,* in *Cobia v. R. R.,* 188 N. C., 487.

Defendant alleges that plaintiff contributed to his own injury in that he had so loaded the truck with lumber, that a piece thereof slipped over on the steering wheel of the truck, thereby depriving plaintiff of the power to steer the truck. The only evidence as to the conduct of plaintiff in loading or driving the truck, immediately before he was injured, is his own testimony. He testified that the lumber on the truck was

loaded on both sides of the driver, and that it slipped after the truck went down into the gully, and fell on him after he was thrown from the truck to the ground. At the time he was driving very slowly, "just creeping along, for nobody could go fast on that road." The ditch or gully ran across the road; plaintiff lost control of the truck because the radius rod was bent.

Defendant cannot complain that this evidence was submitted to the jury upon the issue as to contributory negligence; clearly it cannot be held that all the evidence established the affirmative of the issue.

Defendant alleges "that if plaintiff was injured as alleged in the complaint, which is expressly denied, such injury was the result of one of the ordinary risks of his employment, which the plaintiff voluntarily assumed."

If defendant had exercised due care to furnish plaintiff a truck, which was reasonably safe, and plaintiff had been injured by an accident, such as the jury might have found sometimes occurs with trucks and automobiles, which have no apparent defect, this defense, if established by the evidence, might have availed defendant; but it cannot be held that the risk of injury, while driving a truck, with a radius rod which is badly worn and bent, is one of the ordinary risks voluntarily assumed by an employee who is directed by his employer to haul lumber with a truck.

Defendant further alleges "that if the plaintiff was injured as alleged in the complaint, which is expressly denied, the plaintiff knew and fully appreciated the risk incident to driving a truck with a bent radius rod over a rough road, and defendant pleads the plaintiff's voluntary assumption of risk in bar of his right to recover in this action."

Plaintiff testified that he discovered, when directed by his foreman to haul lumber with the truck, that the truck was in bad condition, due to the fact that the radius rod was badly worn and bent, and that he knew it was dangerous to drive the truck over the road loaded with lumber. He testified further, however, that before beginning work, he informed the foreman of the defect in the truck, and that the foreman directed him to use it, promising to have the truck repaired. Relying upon this promise of the foreman, and in obedience to his instructions, plaintiff began work, and within a few hours thereafter was injured.

The evidence was properly submitted to the jury. Conceding that the danger from the use of the defective truck was obvious, it was for the jury to determine whether it was so obvious that a prudent man, under the circumstances, would have declined to use the truck. Plaintiff assumed all the ordinary risks of his employment, as the driver of a truck, loaded with lumber; he did not, however, assume those risks which were caused, or added to by defendant's negligence in furnishing him a defective truck, unless these risks were so obvious and threatening that

a man of ordinary prudence would not have continued at work with the truck, because the chances of injury were greater than those of safety. *Deligny v. Furniture Co.,* 170 N. C., 189, and cases cited.

Notwithstanding the jury should find from the evidence that the danger from using the defective truck was obvious, and that plaintiff knew that the chances of injury were greater than 'of safety, if they should further find, as plaintiff testified, that the foreman promised to have the truck repaired, and instructed plaintiff to use it, in its then condition, and that plaintiff relied upon this promise, plaintiff's recovery for injuries caused by defendant's negligence would not be barred. *Horton v. R. R.,* 169 N. C., 108. The evidence was properly submitted to the jury, in accordance with the decisions of this Court.

A witness for plaintiff testified that the foreman of defendant told him after the accident that he had told the company before the accident that the truck was in bad condition, and that he had expected some one to get hurt. Defendant's motion that this statement should be stricken out was denied, and defendant excepted. This statement was incompetent, and the motion should have been allowed. *Younce v. Lumber Co.,* 155 N. C., 241. The error, however, was not prejudicial, in view of the testimony of plaintiff that before he began to work, he informed the foreman of the condition of the truck; the evidence was,' at most, merely cumulative. If the testimony of plaintiff was believed by the jury, the defendant knew of the condition of the truck before the injury, for the knowledge of the foreman was imputed to it.

We have examined other assignments of error discussed in defendant's brief. They cannot be' sustained as prejudicial to defendant. The judgment should be affirmed. There is

No error.