MRS. BETTY W. JOHNSON v. WAYNE THOMPSON, INC.

(Filed 23 September, 1959.)

1. **Automobiles § 54f—**

   A stipulation of the parties that the vehicle in question at the time of the accident was owned by defendant corporation is sufficient to take the issue of *respondeat superior* to the jury under the provisions of G.S. 20-71.1 in an action brought within one year from the time the cause of action accrued by a guest passenger to recover for the injuries resulting from the negligent operation of the car by an agent of the owner.

2. **Negligence § 19c—**

   A motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom.

3. **Automobiles § 49— Under the facts of this case the act of plaintiff in voluntarily riding in car with defective brakes was not contributory negligence as a matter of law.**

   Plaintiff was injured in an accident resulting when the brakes of the car in which she was riding as a passenger completely and suddenly failed, causing the driver to lose control and crash into a tree. The fact that plaintiff was advised that the brakes on the vehicle need-

ed adjustment does not support as a matter of law an affirmative answer to the issue of her contributory negligence in thereafter voluntarily entering the car as a passenger when the evidence further discloses that defendant's agent who advised her of the defective brakes also advised her that the vehicle could be operated at a reasonable speed and to drive it and bring it back for adjustment of the brakes as soon as possible, and that she herself operated the car the day before the accident when the brakes were satisfactory except that she had to pump them up a little, and that on the occasion in question she was riding therein while it was being driven by the wife of the president of the defendant corporation on a personal mission of their own and also to return the car to the defendant so that the brakes could be repaired.

**4. Automobiles § 52: Master and Servant § 24—**

Liability under the doctrine of *respondeat superior* is predicated upon the employer's liability for the negligence of the employee, and therefore the negligence of the employee or agent of defendant in driving a car with defective brakes cannot constitute intervening negligence insulating the independent negligence of the employer in delivering the car for use with defective brakes.

**5. Automobiles § 54b—**

Where the evidence discloses that plaintiff was the invited passenger in the car driven by the wife of the president of defendant corporation on a trip to deliver the car to defendant corporation for adjustment of the brakes as requested by the agents of defendant corporation, the plaintiff is a guest passenger in the car and not an unauthorized occupant, and defendant corporation is liable for injuries sustained as the result of the negligent operation of the car by its agent.

HIGGINS, J., not sitting.

BOBBITT, J., concurs.

RODMAN AND MOORE, J.J., concur in concurring opinion.

APPEAL by defendant from *Craven, S. J.,* 20 April 1959 Civil A Term. BUNCOMBE.

Civil action to recover damages for personal injuries caused by an automobile collision with a tree.

This action was instituted, and tried in the General County Court of Buncombe County. At the close of plaintiff's evidence, the court entered a judgment of compulsory nonsuit. To this judgment plaintiff excepted, and appealed to the Superior Court of Buncombe County. G.S. 7-295.

In Superior Court the judge presiding reversed the judgment of nonsuit entered in the General County Court, and remanded the action for further proceedings.

From the judgment of the Superior Court defendant appeals to the Supreme Court.

*Uzzell & DuMont By William E. Greene for plaintiff, appellee.*
*Williams & Williams for defendant, appellant.*

PARKER, J.  Plaintiff's evidence tends to show these facts:

On 29 December 1956 plaintiff, while riding in an automobile driven by her sister, Lona W. Thompson, was seriously injured, when the automobile ran off the road and crashed into a tree. On that date, W. A. W. Thompson, husband of Lona W. Thompson was president of the defendant company and his wife was treasurer. R. E. Perkins was vice-president, and his wife was secretary. The Thompsons owned 50% of the stock of the defendant, and the Perkins 50%. The board of directors were the officers of defendant corporation. R. E. Perkins was general manager of defendant. Gerald Lacy Johnson, husband of plaintiff, was the used car sales manager, and by the terms of his contract of employment with defendant he was paid a salary, plus commissions, and he and his wife were to be provided by defendant with an automobile. During his several years of employment as used car sales manager, defendant from time to time furnished automobiles for him and his wife to use.

On 28 December 1956 Gerald Lacy Johnson left Asheville with salesmen of the defendant to see the Gator Bowl game in Jacksonville, Florida, as a result of winning a contest put on by defendant. Before leaving he asked Harry Baxley, a salesman of defendant, to take out an automobile of defendant for his wife's use during his absence. On 27 December 1956 Baxley carried a 1950 grey Buick automobile, owned by defendant, to plaintiff's home in Asheville. Defendant received this automobile in a trade the day before. When Baxley delivered the automobile to plaintiff, he testified this conversation took place: "When I delivered the car to Mrs. Johnson I told her I had had a fade-away at the light, that I could stop the car at reasonable speed, I advised her to do the same, drive it at a reasonable speed, but bring the car to me as soon as possible so brakes could be put on it; Mrs. Johnson said she had to come to town in the morning and would come by then; I told her I thought she could drive it."

This is plaintiff's testimony as to the conversation between Baxley and herself: "When Mr. Baxley brought me the car I had a conversation with him; he said when he got to the Grace Methodist Church he discovered that the brakes were worse and if I would bring it in

and have it adjusted at my earliest convenience and I asked him if it would be all right to drive it and he said yes."

When Baxley returned after delivering the automobile to plaintiff, he told plaintiff's husband, "the brake pedal had to be pumped and only had an inch to an inch and a half brake pedal on it when we went out." When plaintiff's husband returned home that night, he saw the automobile in the yard, and asked her did Baxley say anything about the brakes. Plaintiff replied, "Mr. Baxley told me they (the brakes) needed adjusting."

On the morning following delivery of the automobile, plaintiff drove it to her sister's, Lona W. Thompson, home at 14 Club View Road about four or five miles from her home. She had no difficulty with the brakes on the trip, except she had to pump them a little. Upon arrival she told her sister about the brakes.

On cross-examination plaintiff testified as to driving the automobile the morning after its delivery to her as follows: "The next morning around ten o'clock I got into that automobile with my little boy and I came into Asheville from my home by Highway 70 through the tunnel; I am not good on distances but I would say it is about three miles from my home to the tunnel; I came down the long hill in front of the Highway Patrol Office just the other side of Haw Creek and I came down the hill from the Haw Creek light to the Kenilworth Road intersections; at that time the brakes were working perfectly because I had to stop at both stoplights; I did notice some freedom in the pedal; when driving into town that morning, there was about an inch and a half or halfway, of pedal off the floor; that is considerably less than normal pedal. I am accustomed to driving cars with this type brake; the thing I am not accustomed to driving is power brakes; these brakes are the kind I drive pretty regularly."

Plaintiff spent the night at her sister's home. That night when W. A. W. Thompson, president of defendant, came home, he, his wife and plaintiff had a conversation in respect to the brakes of the 1950 grey Buick automobile. Mr. Thompson said they should not drive the automobile, and for his wife to take it back the next day. The next morning it began to snow, and was snowing a little when the collision occurred, but the ground was not white. After Mr. Thompson had left home, plaintiff and her sister, Lona W. Thompson, decided to go and get a sled for plaintiff's little boy and Mrs. Thompson's little girl. Lona W. Thompson said, "first we have got to get the brakes adjusted," and they started to defendant's place of business. Lona W. Thompson was driving. Plaintiff was in the front seat, with her little niece sitting on her lap, and her little boy in the back seat.

In coming down an inclined driveway from the Thompson home into Club View Road, "the brakes worked perfectly." After the automobile entered Club View Road, there is a pretty steep grade going up a hill, and it is about 100 yards from the crest of the hill to Country Club Road. Plaintiff testified on cross-examination: "I don't know if my sister was going more than 35 miles per hour as she crested the top of the hill." When the automobile reached the crest of the hill, plaintiff pushed on the foot brake, and it went all the way to the floor. Her sister said: "Betty, we don't have any brakes." She was trying to find with her left hand the emergency brake. When the automobile was traveling down the hill, and had reached a speed of about 50 miles an hour, it swerved or ran completely off the road, and crashed into a tree near the intersection of Club View Road and Country Club Road.

In the collision plaintiff was seriously injured. It would seem from the evidence before us that Lona W. Thompson was killed in the crash.

Attorneys for plaintiff and defendant stipulated in open court that at the time of the accident the defendant was the owner of the 1950 Buick automobile in which plaintiff was riding.

Plaintiff in her complaint avers *inter alia that* Lona W. Thompson, as an agent, servant and employee of defendant, was negligently operating the Buick automobile within the scope of her employment and with defendant's consent, and alleged specific acts of negligence. Plaintiff further alleges that defendant was negligent in failing to repair the automobile before permitting its use, in failing to exercise reasonable care in furnishing an automobile for the use of Lona W. Thompson, and in other things, and that such negligence proximately caused plaintiff's injuries. Defendant pleads as defenses contributory negligence of plaintiff, and that if defendant were negligent, the negligence of Lona W. Thompson in eight specified acts in the operation of the automobile "was active and insulating negligence, which was the sole direct proximate cause of the plaintiff's injury and damage, if any she sustained, and which said negligence as will be more fully hereinafter set forth insulated any and all conduct of this defendant, and which said insulating negligence is hereby pleaded in bar of this action against this defendant." Defendant alleges *inter alia* that Lona W. Thompson negligently operated the automobile with defective brakes under the conditions then and there existing, and is advised, informed and believes that the negligent acts and omissions of Lona W. Thompson were the proximate cause of the accident in which plaintiff was injured, and "which insulated this action against this defendant."

The defendant having stipulated that it was the owner of the 1950 Buick automobile at the time of the accident, G.S. 20-71.1 provides that such stipulation "shall be *prima facie* evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose." *Whiteside v. McCarson,* 250 N.C. 673, 295 S.E. 2d 110, and cases there cited. Plaintiff was injured on 29 December 1956. A copy of the summons issued in the case on file in the office of the Clerk of the Supreme Court shows that it was issued on 28 December 1957. Plaintiff is allowed the benefit of G.S. 20-71.1, as she brought her action within one year after her cause of action accrued. As the evidence tends to show actionable negligence by Lona W. Thompson, this statute carries the case to the jury on the principle of *respondeat superior,* provided plaintiff is not barred from recovery as a matter of law by contributory negligence.

Defendant contends that plaintiff is guilty of contributory negligence as a matter of law.

A motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom. *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Tew v. Runnels,* 249 N.C. 1, 105 S.E. 2d 108.

A somewhat similar situation to the instant case, so far as contributory negligence is concerned, was involved in *Holeman v. Shipbuilding Co.,* 192 N.C. 236, 134 S.E. 647. In the *Holeman* case plaintiff's evidence showed these facts: He discovered, when directed by his foreman to haul timber with the truck, that the truck was in bad condition, due to a radius rod badly worn and bent, and that he knew it was dangerous to drive the truck over the road loaded with lumber. Before beginning work, he informed the foreman of the truck's defect, and the foreman directed him to use it, promising to have it repaired. Plaintiff began work, and a few hours later lost control of the truck because the radius rod was bent, and as a result thereof was injured. Defendant pleaded as defenses contributory negligence and assumption of risk. In affirming a verdict and judgment for plaintiff, this Court said in respect to the defense of contributory negligence: "Defendant cannot complain that this evidence was submitted to the jury upon the issue as to contributory negligence; clearly it cannot be held that all the evidence established the affirmative of the issue."

Plaintiff's evidence shows these facts: Plaintiff knew the brakes on the Buick automobile were defective, and needed adjusting. Baxley, a salesman of the defendant, who brought the automobile to her, told her he had had a fade-away at the light, he could stop the automobile at a reasonable speed, and advised her to drive it at a reasonable speed, but to bring the automobile in as soon as possible so brakes could be put on it, he told her he thought she could drive it. Plaintiff testified that she "asked him (Baxley) if it would be all right to drive it and he said yes." The morning after delivery of the automobile to plaintiff, she drove it some four or five miles to her sister's home, and had no difficulty with the brakes, except she had to pump them a little. That same morning she drove the automobile into Asheville. As to this trip she testified on cross-examination: "I came down the long hill in front of the Highway Patrol Office just the other side of Haw Creek and I came down the hill from the Haw Creek light to the Kenilworth Road intersections; at that time the brakes were working perfectly because I had to stop at both stoplights; I did notice some freedom in the pedal; when driving into town that morning, there was about an inch and a half or halfway, of pedal off the floor; that is considerably less than normal pedal." The night before the collision, W. A. W. Thompson, president of defendant, said they should not drive the automobile, and for his wife to take it back the next day.

In our opinion, under the facts here disclosed, plaintiff's getting into the 1950 Buick automobile to ride into Asheville with her sister driving does not constitute contributory negligence as a matter of law. The issue of contributory negligence should be left to the jury for decision.

Defendant relies upon this statement in *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162: "So, if a guest, with knowledge of the defective condition of the car and appreciation of the hazards involved, voluntary assents to ride therein, he will be precluded from recovery for injuries in an accident resulting from the defects of which he has then been cognizant." Under the facts of the case *sub judice*, particularly in view of plaintiff's testimony as to her driving the automobile and using its brakes the day before the collision, of Baxley's telling her he thought she could drive it, and of W. A. W. Thompson telling his wife to take the automobile back the next day, we think it cannot be held as a matter of law that plaintiff in riding in the automobile with her sister driving voluntarily placed herself in a position of known peril, and cannot be charged as a matter of law with knowledge

and appreciation that the brakes would not work and injury was probable under all the facts then existing.

"It is elementary that the principal is liable for the acts of his agent, whether malicious or negligent, and the master for similar acts of his servant, which result in injury to third persons, when the agent or servant is acting within the line of his duty and exercising the functions of his employment. *Roberts v. R.R.*, 143 N.C., 176, 55 S.E. 509. This upon the doctrine of *respondeat superior*. One who commits a wrong is liable for it, and it is immaterial whether it be done by him in person or by another acting by his authority, express or implied. *Qui facit per alium facit per se.*" *Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446.

If the jury should find from the evidence and by its greater weight that plaintiff was injured by Lona W. Thompson's actionable negligence in the operation of the 1950 Buick automobile owned by defendant, when Lona W. Thompson was the agent, servant or employee of defendant and at the time was acting within the line of her duty and exercising the functions of her employment, then the defendant would be liable in damages to plaintiff, unless plaintiff is barred from recovery by reason of contributory negligence. Under such circumstances the doctrine of insulating negligence does not apply. Defendant has furnished us no authority that such doctrine is applicable under such circumstances, though he pleads insulating negligence as a bar to recovery from it.

Considering the evidence in the light most favorable to plaintiff, she was a guest passenger in the automobile at the time she was injured, and not as contended by defendant an unauthorized occupant of the automobile to whom defendant is not liable, except for injuries wilfully or maliciously inflicted.

The judgment reversing the judgment of nonsuit entered in the General County Court of Buncombe, and remanding the action for further proceedings is

Affirmed.

HIGGINS, J., not sitting.

BOBBITT, J., concurring. Bearing in mind the evidence tending to show notice to Lona Thompson that the brakes were faulty and in need of prompt repair, I agree that the evidence, taken in the light most favorable to plaintiff, was sufficient to support a finding that Lona Thompson was negligent in the operation of the Buick; and I agree that the evidence does not show contributory negligence of plaintiff as a matter of law.

Whether defendant is liable for Lona Thompson's negligence does not, in my opinion, depend upon G.S. 20-71.1. There is positive evidence which, taken in the light most favorable to plaintiff, tends to show (1) that Lona Thompson was in fact acting as agent of defendant and within the scope of the agency, and (2) that, since the Buick was being driven by Lona Thompson to defendant's place of business to be fixed for plaintiff's use and benefit, plaintiff was a passenger therein with the express or implied consent of defendant.

Does G.S. 20-71.1 make proof of ownership, standing alone, *prima facie* evidence that a passenger in an absent defendant's car is riding therein with such defendant's express or implied consent? I would expressly reserve this question for consideration in a case where determination thereof is necessary to decision.

RODMAN AND MOORE, J.J., concur in concurring opinion.