Noel D. EURESTI, Appellant,

v.

**WASHINGTON TERMINAL COMPANY,**
Appellee.

**No. 15567.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 16, 1960.

Decided June 2, 1960.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Messrs. Morris Benson

and Philip J. Lesser, Washington, D. C., were on the brief, for appellant.

Mr. Roman J. Gerber, Washington, D. C., with whom Mr. William B. Jones, Washington, D. C., was on the brief, submitted on the brief, for appellee.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

This is a suit by a railroad employee against his employer, under the Federal Employers' Liability Act, 35 Stat. 65 (1908), as amended, 45 U.S.C.A. §§ 51–60 (1958). After the plaintiff's opening statement, the trial judge granted the defendant's motion for a directed verdict. Plaintiff moved for a new trial, and that motion was denied. Appeal was taken from the judgment based on the directed verdict.

 While the granting of a motion by the defendant for directed verdict after a plaintiff's opening statement is not to be lightly undertaken, see Pomeroy v. Pennsylvania Railroad, 1955, 96 U.S. App.D.C. 128, 223 F.2d 593, we think that under the circumstances here the District Court did not err. Briefly, the opening statement explained that the plaintiff had had a heated telephone conversation with another railroad employee, one Burdsall. The latter insisted on coming to work. Plaintiff insisted to the contrary. The conversation turned on conflicting views as to the requirements of the company's rules. Plaintiff's insistence that the other not come to work apparently would result in some loss of pay to Burdsall. About forty-five minutes later, Burdsall came into plaintiff's office and physically attacked him, causing the injuries on which the complaint is based. In colloquy with the trial court, following the opening statement, plaintiff's counsel unequivocally disavowed any intention of basing his suit on the sole charges in the complaint—negligence by the company in the selection and retention of Burdsall, with knowledge by the company of the latter's unfitness—but rested on the doctrine of respondeat superior. In this court, plaintiff-appellant urges that the controversy and assault arose out of the employment of the two men. But this is not enough to impose liability on the company, absent a showing of some breach of duty. It is argued that the company must have been negligent in the drafting of a rule which could produce such controversy. However, the complaint suggests in no way that a violation of company rules was involved, much less that the injury resulted from the negligent promulgation of such rules. No offer of proof on the subject was made. The theory was not advanced to the trial judge in the opening statement or the motion for a new trial. It need not be considered here. Plaintiff-appellant also contends that Burdsall must have been acting in the interest of the company rather than in his own, i. e., he was seeking to enforce his own interpretation of the company's rules. Assuming that this latter claim was implicitly apparent to the trial judge, we think the offers of proof made here could not establish, under the circumstances, that the assailant was acting in other than his own interest. Cf. Gibson v. Kennedy, 1957, 23 N.J. 150, 128 A.2d 480.

Affirmed.

BURGER, Circuit Judge (concurring in the result).

The contention that the employer was negligent in drafting a rule which was so ambiguous as to lead inevitably to verbal disputes and from disputes to physical violence, thus bringing the attacker's activity within the scope of his employment, is on a par with the other contentions made. An appeal which rests on such absurd contentions does not merit the attention of a reviewing court and is subject to dismissal as frivolous. I would dismiss this appeal as frivolous. See Jimenez v. Barber, 9 Cir., 1958, 252 F.2d 550.