340 So.2d 1279 (1977)
Marion LOVINGS, Appellant,
v.
SEABOARD COASTLINE RAILROAD COMPANY, a Corporation, Appellee.
No. 75-1878.
District Court of Appeal of Florida, Third District.
January 4, 1977.
*1280 Podhurst, Orseck & Parks, Beckham & McAliley, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellee.
Before PEARSON, BARKDULL and HAVERFIELD, JJ.
PER CURIAM.
The appellant, plaintiff in the trial court, seeks review of an adverse directed verdict entered by the trial court at the conclusion of the appellant's case.
On reviewing such a judgment, the court is required to observe the settled rule that we should consider the testimony in the light most favorable to the plaintiff, disregarding conflicts in the evidence and indulging in the plaintiff's favor every reasonable inference therefrom. Guerriero v. Adams, 190 So.2d 432 (Fla. 3rd D.C.A. 1966); Wilson v. Bailey-Lewis-Williams, Inc., 194 So.2d 293 (Fla. 3rd D.C.A. 1967); Mathis v. Lambert, 274 So.2d 601 (Fla. 3rd D.C.A. 1973); Kilburn v. Davenport, 286 So.2d 241 (Fla. 3rd D.C.A. 1973). So viewed, the record reflects the following:
Marion Lovings, 63 years of age at the time of the incident, was employed as a dining car waiter by the Seaboard Coastline Railroad, an interstate carrier. On February 3, 1970, he was acting as the No. 3 man in the dining car. As such, he was engaged in washing drinking glasses utilized in the dining car. The train had gone to New York and was returning to Miami, when the incident occurred. It had reached Palm Beach shortly before 10:00 A.M., stopped, and then was proceeding southward.
Also employed by the Seaboard Coastline Railroad in the dining car was a waiter by the name of John Johnson, who was serving as the No. 5 man. His general responsibilities included sweeping the floor and helping with the silver and silver service. The sinks were for all to use, and all shared in overall responsibilities for everything. For example, each waiter had some responsibility for his own silver, his own glasses and for all that occurred, with the exception of getting the food out of the kitchen although each waiter was given specific responsibilities.
As the train left Palm Beach, Lovings was performing his services. He was preparing to wash the glasses by using the two sinks in the pantry area in the dining car; one sink would be used for washing the glasses and another for rinsing them. As he was cleaning the sink, Mr. Johnson entered the pantry car with his own tray and began running the water in the left sink where the plaintiff, Lovings, was working. Mr. Lovings inquired as to why Johnson was doing this, because it was Lovings' job to wash the glasses and he wanted to do so. Johnson stated that he was going to do his own glasses, and commenced to run the water in the left sink right where the plaintiff was working. The plaintiff, urging that it was his job to do the glasses, then leaned over to adjust the stopper in the sink by either removing it or placing it in its proper place whereupon, as they discussed who was going to wash the glasses, Johnson assaulted the plaintiff.
The appellant alleges herein that under these facts an assault and battery, committed by a co-employee on another employee in a dispute over work procedure to be utilized, is in furtherance of the employer's business and constitutes actionable negligence under the Federal Employers' Liability Act determined by a jury. In support thereof, the appellant relies upon Slaughter v. Atlantic Coast Line Railroad Company, 112 U.S.App.D.C. 327, 302 F.2d 912 (1962); Baker v. Baltimore & Ohio Railroad Company, 502 F.2d 638 (6th Cir.1974); Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1929); Baker v. Chicago B. & Q.R. Co., 327 Mo. 986, 39 S.W.2d 535 (1931); Gibson v. Kennedy and Pennsylvania Railroad Company, 23 N.J. 150, 128 A.2d 480 *1281 (1957); Jester v. Southern Ry. Co. 204 S.C. 395, 29 S.E.2d 768 (1944); Anno. 8 ALR 3rd 442, 444, § 2 [and cases cited].
The appellee, on the other hand, contends that in order for the employer to be liable under the Federal Employers' Liability Act there must be a showing that an assault and battery of a fellow employee was in furtherance of the employer's business, which was not done in the case sub judice. See: Ochsrider v. Reading Co., 172 F. Supp. 830 (E.D.Pa. 1959); Euresti v. Washington Terminal Company, 108 U.S.App.D.C. 81, 280 F.2d 629 (1960); Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L.Ed. 299 (1922); Kutz v. Terminal Railroad Association of St. Louis, 367 S.W.2d 55 (Mo. App. 1963); Roberts v. Southern Ry. Co., 143 N.C. 176, 55 S.E. 509 (1906); Young v. New York Cent. R. Co., 88 Ohio App. 352, 88 N.E.2d 220 (1949).
Both sides seem to concur, and we agree, that Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) is a leading authority in determining the cause before us. Based upon the holding of Rogers v. Missouri Pacific Railroad Co., supra, and the facts of the case sub judice, we find the plaintiff had introduced evidence upon which a jury could find in his favor and, as such, it was error for the trial court to direct a verdict for the defendant.
Therefore, the final judgment appealed herein is hereby reversed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.