OTT, Judge.
The sole issue is whether the court below was correct as a matter of law in directing a verdict for the appellees/defendants. We hold that the court erred and accordingly reverse.
The minor plaintiff (then 10 years old) and two twelve year olds were playing with a two-wheeled boat trailer. They had placed a sheet of plywood over the trailer frame and would hitch the trailer to a bicycle. One would pedal while the other two would ride. The riders had no rails or anything else to hang on to.
Rodney Stull was driving by in an automobile. He responded to a call from the boys to hitch the trailer to his automobile and give them a ride. The boys,jumped on. Stull proceeded at a slow speed down a road which was not paved and which contained numerous stones and ruts or potholes. One of the trailer wheels hit a deep rut. The plaintiff was thrown from the trailer. His foot was caught between the trailer wheel and the road and severely injured before the defendant could bring the automobile (and trailer) to a stop.
Reasonable minds might differ as to whether or not the action of Rodney Stull was negligent under the circumstances. The plaintiff is entitled to have his evidence weighed and evaluated by a jury under appropriate instructions of the court. Hartnett v. Fowler, 94 So.2d 724 (Fla.1957); Lovings v. Seaboard Coastline Railroad Co., 340 So.2d 1279 (Fla.3d DCA 1977); Mathis v. Lambert, 274 So.2d 601 (Fla.3d DCA 1973).
REVERSED and REMANDED.
GRIMES, A. C. J., and SCHEB, J., concur.